**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 09-61529-CIV-MORENO/TORRES

CATHRIN LORENTZ,

      Plaintiff,

v.

SUNSHINE HEALTH PRODUCTS,
INC., a Florida corporation, and
CATHIE RHAMES,

      Defendants.

_____/

**ORDER ON PENDING DISCOVERY MOTIONS**

      This matter is before the Court on two pending discovery motions in the case, which have been referred by the District Judge and are ripe for disposition: Plaintiff's Motion to Compel Responses to Requests for Production [D.E. 21], and Defendant's Motion to Compel Discovery and Motion for Sanctions [D.E. 32].   The Court has reviewed the motions, responses, replies and the record in the case.   Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

      1.      Plaintiff's Motion to Compel Responses to Requests for Production [D.E. 21] is **GRANTED**.   The motion relates to production request Nos. 12-15, that Defendant objected to as seeking confidential and irrelevant financial information. Defendant alternatively requests that a protective order be entered prior to production of the responsive documents to prevent disclosure of such financial information to third parties.   Defendant otherwise objects to these requests based upon its argument that

Defendant will prevail on its summary judgment motion, thereby mooting any need for financial discovery on damages. Upon consideration of the record as a whole, including the issues raised by the summary judgment motion, the Court finds good cause for discovery purposes to Order that all responsive documents be produced forthwith. All responsive documents shall be produced subject to this Order, that shall also provide specifically that these materials are to be retained by counsel only and reviewed only on an attorneys' eyes only basis, except for disclosure if necessary to any damages expert that may be retained by Plaintiff. Otherwise, any documents produced in response to these requests for production are strictly confidential and shall not be produced or made available to any third party or anyone not covered by this Order. The parties are free to agree on a more specific protective order if they wish, which would modify this Order if approved. The relevance objections to these requests, however, are overruled. No sanctions shall be granted as substantial justification exists in the record for Defendant's objections.

2.      Defendant's Motion to Compel Discovery and Motion for Sanctions [D.E. 32] is **GRANTED** in part and otherwise **DENIED**. The motion is to some extent moot with respect to documents and interrogatory answers provided to Defendant at the Plaintiff's deposition. Defendant complains, however, that the delay in production prejudiced and continues to prejudice Defendant in addressing the issues raised by this discovery at Plaintiff's deposition. The motion will be Granted, therefore, only to permit Defendant to continue the Plaintiff's deposition for an additional two hours in the event that additional questions should be asked in relation to these discovery responses and documents. The deposition, if necessary, may be scheduled on notice

after consultation with Plaintiff's counsel to arrange a mutually acceptable date.  In all other respects, however, the motion is Denied in so far as it seeks greater sanctions or remedies not supported by the current record.

      **DONE AND ORDERED** in Chambers at Miami, Florida this 1st day of February, 2010.

/s/   *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge