UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61529-CIV-MORENO/TORRES

CATHRIN LORENTZ,

        Plaintiff,

vs.

SUNSHINE HEALTH PRODUCTS, INC., a
Florida corporation, and CATHIE
RHAMES,

        Defendants.
_____/

## OMNIBUS ORDER

This matter is before the Court on several pending motions that are ripe for disposition in the case. The Court has reviewed the motions, responses, replies if any, and the record in the case. For the following reasons, it is hereby **ORDERED AND ADJUDGED**:

    1.    Plaintiff's Motion to Strike Defendants' Fact Witnesses Gina Ruocchio and Effie Horning [D.E. 40] is **DENIED**. Lack of personal knowledge as to the address of a witness with knowledge of certain relevant facts, by itself, is not sufficient to strike a witness from trial. Presumably, Plaintiff inquired of Defendants at their depositions as to the relevance and location of these witnesses and received sworn answers verifying defense counsel's representations. Plaintiff is, however, not prejudiced as Defendants will also not be able to call these witnesses at trial since they, too, cannot locate them. If Defendants are able to locate the witnesses, they must give timely

notice to Plaintiff, which notice shall be no later than the close of the current discovery period. In that event, the Court will permit Plaintiff to subpoena the witnesses for discovery purposes.

2. Defendants' Motion for Protective Order [D.E. 48] is **GRANTED**. Upon review of the request for inspection, and given the reasons cited for the inspection in Plaintiff's response memorandum, the Court finds that the motion is due to be granted because the request is per se overbroad and unduly burdensome when balanced against the need cited. Specifically, Plaintiff claims that she is entitled to obtain discovery to verify the authenticity of certain emails and obtain access to emails on Defendants' computers that are believed to exist. The response does not explain, however, whether less intrusive and more traditional means to obtain such information have been attempted, as per Rule 34. Moreover, if authenticity of particular emails is at issue, a request for production of metadata related to a particular email is certainly possible. That is less intrusive than a full-fledged general rummaging through another party's computer systems.

If a showing can be made that a particular hard drive should be inspected for relevant data by an expert computer technician, with a protocol for obtaining relevant data in a manner that protects other non-responsive data, then the Court can grant such relief if the showing is compelling enough. On this record, however, the request for inspection is clearly overbroad and unreasonable under Rule 26(c). The Court will, therefore, grant the motion with respect to this particular request.

3. Plaintiff's Motion in Limine Regarding Costs Evidence [D.E. 65] is **DENIED**. The motion is deficient based upon the failure to comply with S.D. Fla.

Local R. 7.1 with respect to sufficient conferral prior to the filing of the motion. Moreover, the issues raised in the motion are either moot, based upon discovery produced subsequent to the filing of the motion, or at least premature given that discovery in the case has not closed. The motion is thus denied without prejudice.

4.     Plaintiff's Motion to Compel Discovery and for Sanctions [D.E. 73] is **GRANTED IN PART and DENIED IN PART**.

The motion is Granted with respect to Plaintiff's Interrogatory No. 9 and Supplemental Interrogatory No. 2. Defendant's original and supplemental answers are not sufficiently responsive. If Plaintiff's photographs have not in fact been utilized except on Defendants' websites, notwithstanding the apparent conflict between the supplemental answer and Defendant's deposition testimony, a clear and unambiguous interrogatory answer should so reflect. Furthermore, with respect to the use of the photographs on websites, Defendant's answer does not address the particulars requested in Plaintiff's interrogatory, especially the particular dates that the photographs were utilized. Defendant's response is too broad and lacking in specificity.

The motion is also partially moot with respect to the telephone records, but will be Granted to require compliance with Defendant's representation that all subpoenaed telephone records shall be copied and forwarded to Plaintiff.

The motion is Denied with respect to the distributor interrogatories based upon the representation that no responsive documents exist as it relates to Sunshine Smiles. Nevertheless, the Court will permit Plaintiff to serve an amended interrogatory if in fact Plaintiff sought to obtain distributor information from Sunshine Health, which may not have been made clear in the initial interrogatory. Such an interrogatory may

also better address specifically the information sought relevant to the testimony of Ralph Morton regarding this issue. Defendant shall provide a sworn response to that interrogatory in due course. Plaintiff may also serve document requests accompanying this interrogatory that are more specific and unambiguous than the production requests at issue in the motion.

Finally, the request for sanctions will be Denied, without prejudice to the renewal of the motion in the event Defendants do not fully comply with this Order.

Any amended interrogatories Ordered herein shall be served within seven business days from the date of this Order. Any responses to amended interrogatories or production requests served on Defendants in response to this Order shall be served within fourteen business days from the date of service (which expedites the response period provided by the Rule).

5. Defendant's Motion to Strike Supplement in Response to Motion for Summary Judgment [D.E. 79] is **DENIED**.

6. Plaintiff's Motion to Amend Complaint for Punitive Damages [D.E. 81] is **GRANTED**. Defendant's arguments in opposition to the motion are not sufficient to deny Plaintiff the opportunity to claim punitive damages in the action. As Defendant concedes, in diversity actions the pleading requirements of Florida law conflict with the procedural rules that govern actions in federal court. *See Cohen v. Office Depot, Inc.,* 184 F.3d 1292 (11th Cir.1999), *vacated on other grounds,* 184 F.3d 1292 (11th Cir. 1999). Consequently, under Rule 8 a demand for punitive damages did not require an evidentiary showing. Defendant is consequently not prejudiced in any way by

amending the first amended complaint to reflect Plaintiff's entire claim.

Defendant is also not prejudiced by the fact that Plaintiff's amendment was filed past the original deadline for amended pleadings. Plaintiff has shown good cause for the delay, and moreover the pretrial deadlines in the case have now been extended, including the discovery deadline that is now scheduled to close June 14, 2010. Thus Defendant has ample time to discover any facts necessary to defend against a punitive damage claim. And any substantive arguments, raised now in opposition to this motion as to why punitive damages are not recoverable on these facts, should be addressed through a dispositive motion, not simply based on the pleadings.

Plaintiff has thus shown good cause to file a second amended complaint that adds only a demand for punitive damages to the applicable claims raised in the case.

7. Defendant's Motion for Extension of Time to File Reply in support of motion for summary judgment [D.E. 81] is **GRANTED** nunc pro tunc.

8. Plaintiff's Motion for Leave to File a supplement to Plaintiff's response to motion for summary judgment [D.E. 82] is **GRANTED**.

9. Plaintiff's Motion for Leave to Serve Additional Interrogatories [D.E. 94] is **DENIED**. Absent agreement of the parties, the Court will not enlarge the Rule's express limit to the number of interrogatories that can be served in an action. Plaintiff's motion fails to show good cause for enlarging that limitation in this relatively straightforward case. To the extent prior interrogatories do not complete Plaintiff's discovery, other discovery mechanisms available to Plaintiff will provide an ample source of information necessary for Plaintiff to prepare her case. And to the extent that earlier interrogatories have proven to be insufficient, the Court's Order

addresses that above with regard to Plaintiff's motion to compel. Beyond the relief provided in the Court's Order, no additional interrogatories shall be permitted.

**DONE AND ORDERED** in Chambers at Miami, Florida this 10th day of May, 2010.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge