UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-civ-61529-Moreno/Torres


CATHRIN LORENTZ

                    Plaintiff,
v.

SUNSHINE HEALTH PRODUCTS, INC.,
a Florida Corporation, and CATHIE RHAMES

                    Defendants.
_____/

### DEFENDANTS' MOTION TO COMPEL RESPONSES TO CATHIE RHAMES' MARCH 26, 2010 INTERROGATORIES AND MOTION FOR SANCTIONS

COME NOW, the Defendants, SUNSHINE HEALTH PRODUCTS, INC. ("Sunshine"),

a Florida corporation, and CATHIE RHAMES ("Rhames"), hereinafter collectively

"Defendants," and move this Court for an Order compelling better responses to Rhames' March

26, 2010 Interrogatories pursuant to Fed.R.Civ.P. 37 and S.D.L.R. 26.1 and move for sanctions

in this matter pursuant to Fed. R. Civ. P. 37, and as grounds therefore state as follows:

### INTRODUCTION

Rhames served Interrogatories (the "Interrogatories") upon Plaintiff in this action on

March 26, 2010, and responses and supplemental responses to the Interrogatories were served on

Defendants on April 19, 2010 and May 13, 2010 respectively. [1] [2]  However, once received, it was

clear that Plaintiff was deliberately avoiding providing a response to a majority of the

_____

[1] Supplemental responses were provided to Defendants after Defendants sent correspondence to Plaintiff noting the deficiencies. Even after giving Plaintiff two opportunities to cure her deficiencies prior to the filing of this Motion, Plaintiff still failed to do so. The correspondence between Plaintiff's and Defendants' counsel are attached and incorporated by reference hereto at Exhibit "A."
[2] A copy of Plaintiff's initial and supplemental response to Rhames' March 26, 2010 Interrogatories are attached and incorporated by reference hereto at Exhibit "B."

Interrogatories and did so by setting forth baseless and insufficient objections which fail to comply with the Local and Federal Rules of Civil Procedure.  Therefore, Defendants seek an Order compelling better responses to the Interrogatories and seeking sanctions against Plaintiff for Plaintiff's ever increasing vexatious conduct in discovery in this matter.

## MEMORANDUM OF LAW

**A.**     **Defendants Are Entitled To An Order Compelling Complete Responses To Rhames' Interrogatories**

The Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida and prevailing case law make it explicitly clear that any party making an objection to a discovery request must state with specificity all grounds for the objection. *See* S.D. L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4).  Each and every objection made to Rhames' Interrogatories failed to do so.

The scope of discovery is governed by Rule 26 of the Federal Rules of Civil Procedure. Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). The term "relevant" in this definition is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (citing *Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

Furthermore, the onus is on the party resisting discovery to demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome. *See* Fed.R.Civ.P. 33(b)(4); *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir.1985); *Chubb Integrated Sys. Ltd. v. National Bank of Washington,* 103 F.R.D. 52, 59-60 (D.D.C.1984). Any party or person who seeks to **evade** or thwart full and candid discovery incurs the risk of "serious

consequence," which may involve an order designating facts to be taken as established, striking out pleadings, rendering judgment by default, dismissal of the action or a claim therein, or assessment of expenses and attorneys' fees. *Diaz v. Southern Drilling Co.,* 427 F.2d 1118, 1126 (5th Cir.1970); 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2281 (1970 and 1991 supp.).

It is clear, based on the objections made in response to Rhames' Interrogatories, that Plaintiff is attempting to evade discovery and is intentionally failing to provide Defendants with any information regarding her claims.  Throughout this case, Plaintiff has insisted that she is a "professional model" (Third Amended Complaint, ¶4). Most of the Interrogatories Plaintiff objected to deal directly with this topic. For Plaintiff's response to state that these Interrogatories are irrelevant goes against Plaintiff's own position.. Should Plaintiff continue to thwart the discovery process in bad faith, Defendants reserve the right to request adverse inferences regarding matters alleged by Plaintiff in her pleadings. *Bashir v. Amtrak,* 119 F.3d 929, 931 (11th Cir.1997).

Defendants' conferred with Plaintiff's counsel on May 7, 2010 and again on May 11, 2010 to let them know the deficiencies in the responses. On May 13, 2010 Defendants received Plaintiff's unverified supplemental responses to the Interrogatories. Plaintiff's alleged "supplemental responses" are still deficient as they do not provide legally sufficient responses to Rhames' Interrogatories. Many of Plaintiff's supplemental responses state that "Plaintiff has been asked to answer this interrogatory to the best of her ability and the same will be provided to the Defendants as soon as it is answered" or that "Plaintiff cannot recall." Providing supplemental responses that Plaintiff will, at some undetermined point in the future, provide

answers further demonstrates Plaintiff's vexatious and arrogant conduct toward Defendants' discovery efforts.

The deadline to provide responses to the Interrogatories was April 27, 2010. Plaintiff provided insufficient responses on April 19, 2010 and then again on May 13, 2010. Defendants notified Plaintiff of the deficiencies by way of the May 7, 2010 letter attached to Exhibit "A." These deficiencies have not been cured, and Plaintiff is further delaying Defendants' ability to obtain relevant and necessary information to defend against the claims alleged by Plaintiff.

Pursuant to Fed. R. Civ. P. 37, Defendants may move this Court for an Order compelling disclosure or discovery. Since Plaintiff has essentially failed to provide any responses and/or sufficient objections pursuant to the Local and Federal Rules to the Interrogatories, they are entitled to an Order compelling Plaintiff to provide better responses to the Interrogatories forthwith, and awarding sanctions against Plaintiff and/or her counsel.

**B.**     **The Responses Provided By Plaintiff Are Insufficient**

Each numbered interrogatory is set forth below, along with Plaintiff's response to same which Defendants argue are deficient, and Defendants' legal basis as to why the responses are deficient.

**Interrogatory Number 2:**

Identify the amount of income you earned from your modeling career by year in 2003, 2004, 2005, 2006, 2007, 2008, 2009 and 2010.   For each year, please identify the source of all income and how much you derived from each source.

**RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation.  This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome.**

**SUPPLEMENTAL RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible**

**evidence.  Moreover, this interrogatory is overly burdensome.  Notwithstanding the prior objections, Plaintiff cannot recall.**

The objections Plaintiff sets forth to this Interrogatory are deficient and invalid. The Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request must state with specificity all grounds for the objection.   *See* S.D.L.R.  26.1(g)(3)(a) and Fed.R.Civ.P. 33(b)(4).

With regard to Plaintiff's objection that the request is not calculated to lead to admissible evidence, and that the interrogatory seeks information that is not material, necessary or relevant, Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Evidence of Plaintiff's modeling work, and the revenue and profit generated therefrom, is highly relevant to the subject matter of the pending litigation. Plaintiff is claiming to have been damaged as a result of Defendants' publication of pictures of Plaintiff (Third Amended Complaint, ¶18, 26 and 28), and seeks "such damages as the Court may deem proper with [sic] the provisions of the copyright statutes" (which includes actual damages) (Count I and III) and seeks "all damages Plaintiff has sustained in consequence of the Defendant's [sic] use of her image including…. reasonable usage fees…" Therefore, Plaintiff's income over the years in question clearly bears on, and reasonably could lead to other matters that bear on, any issue that is or may be in this case including Plaintiff's claim for damages. *Oppenheimer*, *Id.* There is no doubt that proof of Plaintiff's modeling work, if any, and its value is necessary, material and relevant to the subject matter of the pending litigation and reasonably calculated to lead to the discovery of admissible evidence.

The assertion that Plaintiff "cannot recall" the income she made in the years requested is not a valid basis for refusing to answer this interrogatory. At her deposition, Plaintiff testified

that she received money for a modeling job for "Scooter" and the money was put into her bank

account.  She also represented that she would "go back and see if I can trace it."  See January 11,

2010 deposition transcript of Cathrin Lorentz at p. 185. (D.E. 84 at Exhibit "C").  Plaintiff has the

duty to investigate and obtain the information responsive to this request.

> "The answers to interrogatories must be responsive, full, complete and unevasive. The
> answering party cannot limit his answers to matters within his own knowledge and ignore
> information immediately available to him or under his control.... If an appropriate
> interrogatory is propounded, the answering party will be required to give the information
> available to him. if any, through his attorney, investigators employed by him or on his
> behalf or other agents or representative whether personally known to the answering party
> or not ... If the answering party lacks necessary information to make a full, fair and
> specific answer to an interrogatory, it should so state under oath and should set forth in
> detail the efforts made to obtain the information."

*Essex Builders Group, Inc. v. Amerisure Ins. Co*., 230 F.R.D. 682, 685 (M.D. Fla. 2005)(citing

*Continental Illinois Nat'l Bank & Trust Co. v. Caton,* 136 F.R.D. 682, 684 (D.Kan.1991)).

Plaintiff's supplemental response further illustrates her continuous disregard for the discovery

rules of this Court.  Plaintiff should be ordered to provide a response to this request other than

"Plaintiff cannot recall."  Additionally, Plaintiff's supplemental response does not, in any way,

provide specificity to her objections but merely provides more excuses for why she did not

answer.  Plaintiff has not provided responsive, full, complete or unevasive answers and appears

not have made any effort at all to obtain the information from any other source.  Even if Plaintiff

does not know the information, she failed to describe any effort she made to obtain the

information.

Furthermore, the objection that this interrogatory is "overly burdensome" does not

comply with Local Rule 26.1(g)(3)(A) which provides that any objection shall state with

specificity all grounds.  The Federal Rules of Civil Procedure, the Local Rules of the Southern

District of Florida and prevailing case law require that any party making an objection to a

discovery request state with specificity all grounds for the objection. *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4). As such, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A). An objection that a discovery request is harassing, unduly burdensome or irrelevant, standing alone, is meaningless and fails to comply with the Local and Federal Rules. *See Bank of Magnolia v. M & P Global Financial Services, Inc.*, 268 F.R.D. 514, 519 (S.D. Fla. 2009). A party objecting on these grounds must "explain the specific and particular way in which a request" is harassing. *Id.* Claims of undue burden should be supported by a statement with specific information demonstrating how the request is overly burdensome. *Id.* (citing *Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418, *4 (S.D. Fla. Nov. 19, 2008)).

**<u>Interrogatory Number 3:</u>**

Identify any income You earned in each of 2003, 2004, 2005, 2006, 2007, 2008, 2009 and 2010 that was not related to Your work as a model. For each year, please provide the name of the source of income and how much you derived from each source.

> **RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome.**

> **SUPPLEMENTAL RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome. Notwithstanding the prior objections, Plaintiff cannot recall.**

The objections Plaintiff sets forth to this Interrogatory are deficient and invalid. The Federal Rules of Civil Procedure, the Local Rules, of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request must state with specificity all grounds for the objection. *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4).

With regard to Plaintiff's objection that the request is not calculated to lead to admissible evidence, and that the interrogatory seeks information that is not material, necessary or relevant, Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Evidence of Plaintiff's other work, and the revenue and profit generated therefrom, is highly relevant to the subject matter of the pending litigation because any revenue derived by Plaintiff from sources other than modeling may not be used as a basis for establishing a value of her images. Therefore, evidence pertaining to her other sources of income sought in this interrogatory clearly bear on, and reasonably could lead to other matters that bear on, any issue that is or may be in this case. *Oppenheimer, Id.* There is no doubt that proof of Plaintiff's other work outside of modeling is necessary, material and relevant to the subject matter of the pending litigation and reasonably calculated to lead to the discovery of admissible evidence.

The assertion that Plaintiff "cannot recall" the income she made in the years requested is not a valid basis for refusing to answer this interrogatory. Plaintiff has the duty to investigate and obtain the information responsive to this request.

> "The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.... If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him. if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not ... If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information."

*Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005)(citing *Continental Illinois Nat'l Bank & Trust Co. v. Caton,* 136 F.R.D. 682, 684 (D.Kan.1991)).

Plaintiff's supplemental response further illustrates her continuous disregard for the discovery

rules of this Court.  Plaintiff should be ordered to provide a response to this request other than

"Plaintiff cannot recall."  Additionally, Plaintiff's supplemental response does not, in any way,

provide specificity to her objections but merely provides more excuses for why she did not

answer.  Plaintiff has not provided responsive, full, complete or unevasive answers and appears

not have made any effort at all to obtain the information from any other source.  Even if Plaintiff

does not know the information, she failed to describe any effort she made to obtain the

information.

Furthermore, the objection that this interrogatory is "overly burdensome" does not

comply with Local Rule 26.1(g)(3)(A) which provides that any objection shall state with

specificity all grounds.  The Federal Rules of Civil Procedure, the Local Rules of the Southern

District of Florida and prevailing case law require that any party making an objection to a

discovery request state with specificity all grounds for the objection.  *See* S.D. L.R.

26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4).  As such, the objection that this interrogatory is "overly

burdensome" does not comply with Local Rule 26.1(g)(3)(A). An objection that a discovery

request is harassing, unduly burdensome or irrelevant, standing alone, is meaningless and fails to

comply with the Local and Federal Rules.  *See Bank of Magnolia v. M & P Global Financial*

*Services, Inc.*, 268 F.R.D. 514, 519 (S.D. Fla. 2009).  A party objecting on these grounds must

"explain the specific and particular way in which a request" is harassing.  *Id.*  Claims of undue

burden should be supported by a statement with specific information demonstrating how the

request is overly burdensome.  *Id.* (citing *Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418,

*4 (S.D. Fla. Nov. 19, 2008)).

**Interrogatory Number 4:**

Identify all photographers you have worked with in Your career as a model.

**RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome.**

**SUPPLEMENTAL RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome. Notwithstanding the prior objections, Plaintiff has worked with Peter Hall. Plaintiff has been asked to answer this interrogatory to the best of her ability and the same will be provided to the Defendants as soon as it is answered.**

The objections Plaintiff sets forth to this Interrogatory are deficient and invalid.. The Federal Rules of Civil Procedure, the Local Rules, of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request must state with specificity all grounds for the objection. *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4).

With regard to Plaintiff's objection that the request is not calculated to lead to admissible evidence, and that the interrogatory seeks information that is not material, necessary or relevant, Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Evidence of Plaintiff's modeling work, and photographers she has worked with is highly relevant to the subject matter of the pending litigation as the amount of work she has done, and the level of skill and/or fame of any photographers she has worked with, is likely to bear on the value of her images and the amount of compensation she can demand. Plaintiff is claiming to have been damaged as a result of Defendants' publication of pictures of Plaintiff (Third Amended Complaint, ¶18, 26 and 28), and seeks "such damages as the Court may deem proper with [sic] the provisions of Copyright statutes" (which includes actual damages) (Count I and III) and seeks "all damages Plaintiff has

sustained in consequence of the Defendant's [sic] use of her image including…. reasonable usage fees…" Therefore, evidence pertaining to her modeling career in this interrogatory clearly bear on, and reasonably could lead to other matters that bear on, any issue that is or may be in this case. *Oppenheimer*, *Id.* There is no doubt that proof of Plaintiff's modeling work is necessary, material and relevant to the subject matter of the pending litigation and reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff should not be allowed to further delay responding to this interrogatory by stating that she will provide answers at a later date.  Fed.R.Civ.P. 33 allows Plaintiff 30 days to respond to this request.  She never filed a motion for extension of time to respond, nor was an extension of time even requested prior to the date the response was due to Defendants. Plaintiff's initial and supplemental responses are both deficient and do not provide a complete answer to this interrogatory.  Plaintiff has the duty to investigate and obtain the information responsive to this request.

> "The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control…. If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him. if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not … If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information."

*Essex Builders Group, Inc. v. Amerisure Ins. Co*., 230 F.R.D. 682, 685 (M.D. Fla. 2005)(citing *Continental Illinois Nat'l Bank & Trust Co. v. Caton,* 136 F.R.D. 682, 684 (D.Kan.1991)). Plaintiff's supplemental response further illustrates her continuous disregard for the discovery rules of this Court.  Plaintiff should be ordered to provide a response to this request other than "Plaintiff cannot recall."  Additionally, Plaintiff's supplemental response does not, in any way,

provide specificity to her objections but merely provides more excuses for why she did not answer.  Plaintiff has not provided responsive, full, complete or unevasive answers and appears not have made any effort at all to obtain the information from any other source.  Even if Plaintiff does not know the information, she failed to describe any effort she made to obtain the information.

Furthermore, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A) which provides that any objection shall state with specificity all grounds.  The Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request state with specificity all grounds for the objection.  *See* S.D.L.R. 26.1 (g)(3)(A) and Fed.R.Civ.P. 33(b)(4).  As such, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A). An objection that a discovery request is harassing, unduly burdensome or irrelevant, standing alone, is meaningless and fails to comply with the Local and Federal Rules.  *See Bank of Magnolia v. M & P Global Financial Services, Inc*., 268 F.R.D. 514, 519 (S.D. Fla. 2009).  A party objecting on these grounds must "explain the specific and particular way in which a request" is harassing.  *Id.*  Claims of undue burden should be supported by a statement with specific information demonstrating how the request is overly burdensome.  *Id.* (citing *Benfatto v. Wachovia Bank, N.A*., 2008 WL 4938418, *4 (S.D. Fla. Nov. 19, 2008)).

### Interrogatory Number 5:

Describe all modeling projects you have worked on during Your career as a model.

**RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation.  This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome.**

**SUPPLEMENTAL RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, this interrogatory is overly burdensome.  Plaintiff has been a model since childhood and certainly cannot recall every modeling project she has worked on during her career.  Notwithstanding the prior objections, Plaintiff has been asked to answer this interrogatory to the best of her ability and the same will be provided to Defendants as soon as it is answered.**

The objections Plaintiff sets forth to this Interrogatory are deficient and invalid. The Federal Rules of Civil Procedure, the Local Rules, of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request must state with specificity all grounds for the objection.  *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4).

With regard to Plaintiff's objection that the request is not calculated to lead to admissible evidence, and that the interrogatory seeks information that is not material, necessary or relevant, Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Evidence of Plaintiff's modeling work, is highly relevant to the subject matter of the pending litigation as the amount of work she has done, and the level of skill and/or fame of any photographers she has worked with, is likely to bear on the value of her images and the amount of compensation she can demand. Plaintiff is claiming to have been damaged as a result of Defendants' publication of pictures of Plaintiff (Third Amended Complaint, ¶18, 26 and 28), and seeks "such damages as the Court may deem proper with [sic] the provisions of Copyright statutes" (which includes actual damages) (Count I and III) and seeks "all damages Plaintiff has sustained in consequence of the Defendant's [sic] use of her image including…. reasonable usage fees…" Therefore, evidence pertaining to her modeling career in this interrogatory clearly bear on, and reasonably could lead to other matters

that bear on, any issue that is or may be in this case. *Oppenheimer*, *Id.* There is no doubt that proof of Plaintiff's modeling work is necessary, material and relevant to the subject matter of the pending litigation and reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff should not be allowed to further delay responding to this interrogatory by stating that she will provide answers at a later date.  Fed.R.Civ.P. 33 allows Plaintiff 30 days to respond to this request.  She never filed a motion for extension of time to respond, nor was an extension of time even requested prior to the date the response was due to Defendants. Plaintiff's initial and supplemental responses are both deficient and do not provide a complete answer to this interrogatory.  Plaintiff has the duty to investigate and obtain the information responsive to this request.

> "The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.... If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him. if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not ... If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information."

*Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005)(citing *Continental Illinois Nat'l Bank & Trust Co. v. Caton,* 136 F.R.D. 682, 684 (D.Kan.1991)). Plaintiff's supplemental response further illustrates her continuous disregard for the discovery rules of this Court.  Plaintiff should be ordered to provide a response to this request other than "Plaintiff cannot recall."  Additionally, Plaintiff's supplemental response does not, in any way, provide specificity to her objections but merely provides more excuses for why she did not answer.  Plaintiff has not provided responsive, full, complete or unevasive answers and appears not have made any effort at all to obtain the information from any other source.  Even if Plaintiff

does not know the information, she failed to describe any effort she made to obtain the information.

Furthermore, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A) which provides that any objection shall state with specificity all grounds. The Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request state with specificity all grounds for the objection. *See* S.D. L.R. 26.1 (g)(3)(A) and Fed.R.Civ.P. 33(b)(4). As such, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A). An objection that a discovery request is harassing, unduly burdensome or irrelevant, standing alone, is meaningless and fails to comply with the Local and Federal Rules. *See Bank of Magnolia v. M & P Global Financial Services, Inc.*, 268 F.R.D. 514, 519 (S.D. Fla. 2009). A party objecting on these grounds must "explain the specific and particular way in which a request" is harassing. *Id.* Claims of undue burden should be supported by a statement with specific information demonstrating how the request is overly burdensome. *Id.* (citing *Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418, *4 (S.D. Fla. Nov. 19, 2008)).

**Interrogatory Number 6:**

Describe all jobs You have had since January 1, 2003, including, but not limited to, any modeling jobs. For each, please provide the location, dates, employer or hiring party, salary, supervisor's name and address and reason for leaving.

**RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome.**

**SUPPLEMENTAL RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible**

**evidence.  Moreover, this interrogatory is overly burdensome.  Notwithstanding the prior objections, Plaintiff has been asked to answer this interrogatory to the best of her ability and the same will be provided to Defendants as soon as it is answered.**

The objections Plaintiff sets forth to this Interrogatory are deficient and invalid. The Federal Rules of Civil Procedure, the Local Rules, of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request must state with specificity all grounds for the objection.  *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4).

With regard to Plaintiff's objection that the request is not calculated to lead to admissible evidence, and that the interrogatory seeks information that is not material, necessary or relevant, Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Evidence of Plaintiff's modeling work is highly relevant to the subject matter of the pending litigation as the amount of work she has done, and the level of skill and/or fame of any photographers she has worked with, is likely to bear on the value of her images and the amount of compensation she can demand. Plaintiff is claiming to have been damaged as a result of Defendants' publication of pictures of Plaintiff (Third Amended Complaint, ¶18, 26 and 28), and seeks "such damages as the Court may deem proper with [sic] the provisions of Copyright statutes" (which includes actual damages) (Count I and III) and seeks "all damages Plaintiff has sustained in consequence of the Defendant's [sic] use of her image including…. reasonable usage fees…" Therefore, evidence pertaining to her modeling career and other work Plaintiff has done being sought in this interrogatory clearly bear on, and reasonably could lead to other matters that bear on, any issue that is or may be in this case. *Oppenheimer*, *Id.* There is no doubt that proof of Plaintiff's modeling and non-modeling

work is necessary, material and relevant to the subject matter of the pending litigation and reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff should not be allowed to further delay responding to this interrogatory by stating that she will provide answers at a later date. Fed.R.Civ.P. 33 allows Plaintiff 30 days to respond to this request. She never filed a motion for extension of time to respond, nor was an extension of time even requested prior to the date the response was due to Defendants. Plaintiff's initial and supplemental responses are both deficient and do not provide a complete answer to this interrogatory. Plaintiff has the duty to investigate and obtain the information responsive to this request.

> "The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.... If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him. if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not ... If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information."

*Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005)(citing *Continental Illinois Nat'l Bank & Trust Co. v. Caton,* 136 F.R.D. 682, 684 (D.Kan.1991)). Plaintiff's supplemental response further illustrates her continuous disregard for the discovery rules of this Court. Plaintiff should be ordered to provide a response to this request other than "Plaintiff cannot recall." Additionally, Plaintiff's supplemental response does not, in any way, provide specificity to her objections but merely provides more excuses for why she did not answer. Plaintiff has not provided responsive, full, complete or unevasive answers and appears not have made any effort at all to obtain the information from any other source. Even if Plaintiff

does not know the information, she failed to describe any effort she made to obtain the information.

Furthermore, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A) which provides that any objection shall state with specificity all grounds. The Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request state with specificity all grounds for the objection. *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4). As such, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A). An objection that a discovery request is harassing, unduly burdensome or irrelevant, standing alone, is meaningless and fails to comply with the Local and Federal Rules. *See Bank of Magnolia v. M & P Global Financial Services, Inc.*, 268 F.R.D. 514, 519 (S.D. Fla. 2009). A party objecting on these grounds must "explain the specific and particular way in which a request" is harassing. *Id.* Claims of undue burden should be supported by a statement with specific information demonstrating how the request is overly burdensome. *Id.* (citing *Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418, *4 (S.D. Fla. Nov. 19, 2008)).

### Interrogatory Number 7:

Identify all websites, magazines, newspapers, catalogs, brochures, marketing agencies and/or talent agencies You used to solicit business as a model from January 1, 2000 through the present, the period of time You used each to solicit business, and, for each, all jobs procured through and the amount of revenue received by You.

**RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome.**

**SUPPLEMENTAL RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation.**

**This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome. Notwithstanding the prior objections, Plaintiff has been asked to answer this interrogatory to the best of her ability and the same will be provided to Defendants as soon as it is answered.**

The objections Plaintiff sets forth to this Interrogatory are deficient and invalid. The Federal Rules of Civil Procedure, the Local Rules, of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request must state with specificity all grounds for the objection. *See* S.D. L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4).

With regard to Plaintiff's objection that the request is not calculated to lead to admissible evidence, and that the interrogatory seeks information that is not material, necessary or relevant, Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Evidence of Plaintiff's modeling work, and prominence of such work is highly relevant to the subject matter of the pending litigation as this information is likely to bear on the value of her images and the amount of compensation she can demand as a result of Defendants' publication of her images. Plaintiff is claiming to have been damaged as a result of Defendants' publication of pictures of Plaintiff (Third Amended Complaint, ¶18, 26 and 28), and seeks "such damages as the Court may deem proper with [sic] the provisions of Copyright statutes" (which includes actual damages) (Count I and III) and seeks "all damages Plaintiff has sustained in consequence of the Defendant's [sic] use of her image including…. reasonable usage fees…" Therefore, evidence pertaining to her modeling career in this interrogatory clearly bear on, and reasonably could lead to other matters that bear on, any issue that is or may be in this case. *Oppenheimer, Id.* There is no doubt that proof of Plaintiff's modeling work is necessary, material and relevant to the subject matter of the pending litigation and reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff should not be allowed to further delay responding to this interrogatory by stating that she will provide answers at a later date. Fed.R.Civ.P. 33 allows Plaintiff 30 days to respond to this request. She never filed a motion for extension of time to respond, nor was an extension of time even requested prior to the date the response was due to Defendants. Plaintiff's initial and supplemental responses are both deficient and do not provide a complete answer to this interrogatory. Plaintiff has the duty to investigate and obtain the information responsive to this request.

> "The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.... If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him. if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not ... If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information."

*Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005)(citing *Continental Illinois Nat'l Bank & Trust Co. v. Caton,* 136 F.R.D. 682, 684 (D.Kan.1991)). Plaintiff's supplemental response further illustrates her continuous disregard for the discovery rules of this Court. Plaintiff should be ordered to provide a response to this request other than "Plaintiff cannot recall." Additionally, Plaintiff's supplemental response does not, in any way, provide specificity to her objections but merely provides more excuses for why she did not answer. Plaintiff has not provided responsive, full, complete or unevasive answers and appears not have made any effort at all to obtain the information from any other source. Even if Plaintiff does not know the information, she failed to describe any effort she made to obtain the information.

Furthermore, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A) which provides that any objection shall state with specificity all grounds. The Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request state with specificity all grounds for the objection. *See* S.D. L.R. 26.1 g)(3)(A) and Fed.R.Civ.P. 33(b)(4). As such, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A). An objection that a discovery request is harassing, unduly burdensome or irrelevant, standing alone, is meaningless and fails to comply with the Local and Federal Rules. *See Bank of Magnolia v. M & P Global Financial Services, Inc.*, 268 F.R.D. 514, 519 (S.D. Fla. 2009). A party objecting on these grounds must "explain the specific and particular way in which a request" is harassing. *Id.* Claims of undue burden should be supported by a statement with specific information demonstrating how the request is overly burdensome. *Id.* (citing *Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418, *4 (S.D. Fla. Nov. 19, 2008)).

### Interrogatory Number 8:

Identify all inquires You received via www.cathrinlorentz.com. For each, list who inquired, the inquirer's e-mail address, phone number, address, the date of the inquiry, what type of work they were requesting from You and how the inquirer found Your website.

**RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome.**

**SUPPLEMENTAL RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome. Notwithstanding the prior objections, Plaintiff cannot recall the details pertaining to each inquiry. Plaintiff did not personally manage her website when it was active. Most inquiries were received by Erik Von Holm, the Plaintiffs' [sic] webmaster.**

The objections Plaintiff sets forth to this Interrogatory are deficient and invalid. The Federal Rules of Civil Procedure, the Local Rules, of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request must state with specificity all grounds for the objection. *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4).

With regard to Plaintiff's objection that the request is not calculated to lead to admissible evidence, and that the interrogatory seeks information that is not material, necessary or relevant, Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Evidence of Plaintiff's modeling work, clients she has worked and who inquired about her services is highly relevant to the subject matter of the pending litigation as the amount of work she has done, and the level of skill and/or fame is likely to bear on the value of her images and the amount of compensation she can demand. Plaintiff is claiming to have been damaged as a result of Defendants' publication of pictures of Plaintiff (Third Amended Complaint, ¶18, 26 and 28), and seeks "such damages as the Court may deem proper with [sic] the provisions of Copyright statutes" (which includes actual damages) (Count I and III) and seeks "all damages Plaintiff has sustained in consequence of the Defendant's [sic] use of her image including…. reasonable usage fees…" Therefore, evidence pertaining to her modeling career being sought in this interrogatory clearly bears on, and reasonably could lead to other matters that bear on, any issue that is or may be in this case. *Oppenheimer*, *Id*. There is no doubt that proof of Plaintiff's modeling work is necessary, material and relevant to the subject matter of the pending litigation and reasonably calculated to lead to the discovery of admissible evidence.

The assertion that Plaintiff "cannot recall" the inquiries she received is not a valid basis for refusing to answer this interrogatory. Plaintiff has the duty to investigate and obtain the information responsive to this interrogatory.

> "The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.... If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him. if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not ... If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information."

*Essex Builders Group, Inc. v. Amerisure Ins. Co*., 230 F.R.D. 682, 685 (M.D. Fla. 2005)(citing *Continental Illinois Nat'l Bank & Trust Co. v. Caton,* 136 F.R.D. 682, 684 (D.Kan.1991)). Plaintiff's supplemental response further illustrates her continuous disregard for the discovery rules of this Court. Plaintiff should be ordered to provide a response to this interrogatory other than "Plaintiff cannot recall." Additionally, Plaintiff's supplemental response does not, in any way, provide specificity to her objections but merely provides more excuses for why she did not answer. Plaintiff has not provided responsive, full, complete or unevasive answers and appears not have made any effort at all to obtain the information from any other source. Even if Plaintiff does not know the information, she failed to describe any effort she made to obtain the information.

Furthermore, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A) which provides that any objection shall state with specificity all grounds. The Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request state with specificity all grounds for the objection. *See* S.D.L.R. 26.1(g)(3)(A)

and Fed.R.Civ.P. 33(b)(4).  As such, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A).  An objection that a discovery request is harassing, unduly burdensome or irrelevant, standing alone, is meaningless and fails to comply with the Local and Federal Rules.  *See Bank of Magnolia v. M & P Global Financial Services, Inc.*, 268 F.R.D. 514, 519 (S.D. Fla. 2009).  A party objecting on these grounds must "explain the specific and particular way in which a request" is harassing.  *Id.*  Claims of undue burden should be supported by a statement with specific information demonstrating how the request is overly burdensome.  *Id.* (citing *Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418, *4 (S.D. Fla. Nov. 19, 2008)).

**Interrogatory Number 9:**

Describe when you decided to discontinue the use of Your website, www.cathrinlorentz.com, and why you decided to do so.

> **RESPONSE: Cathrin Lorentz stopped maintaining, using and updating the website and it was closed by the web company as a result.**

> **SUPPLEMENTAL RESPONSE: Cathrin Lorentz stopped maintaining, using and updating the website and it was closed by the web company as a result. Cathrin Lorentz does not recall the specific date she ceased involvement with the site.  Erik Von Holm, Plaintiffs [sic] webmaster, had independently maintained the site while it was active.**

Plaintiff's response did not answer the interrogatory at all.  There was no reference to when Plaintiff decided to discontinue the use of the website and why she decided to do so.  She merely stated how the website stopped operating.  This response is insufficient and should be responded to in full.  Plaintiff's supplemental response also fails to fully respond to the interrogatory.

**Interrogatory Number 12:**

Identify any and all ways You have solicited work as a model from January 1, 2003 through the present.

**RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome.**

**SUPPLEMENTAL RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome. Notwithstanding the prior objections, Plaintiff has been asked to answer this interrogatory to the best of her ability and the same will be provided to Defendants as soon as it is answered.**

The objections Plaintiff sets forth to this Interrogatory are deficient and invalid. The Federal Rules of Civil Procedure, the Local Rules, of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request must state with specificity all grounds for the objection. *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4).

With regard to Plaintiff's objection that the request is not calculated to lead to admissible evidence, and that the interrogatory seeks information that is not material, necessary or relevant, Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Evidence of Plaintiff's modeling work, and clients she has worked and how she solicited work as a model is highly relevant to the subject matter of the pending litigation as the amount of work she has done, and the level of skill and/or fame is likely to bear on the value of her images and the amount of compensation she can demand. the places where Plaintiff has solicited work from is also highly relevant to determine her fame and status as a model. Plaintiff is claiming to have been damaged as a result of Defendants' publication of pictures of Plaintiff (Third Amended Complaint, ¶18, 26 and 28), and seeks "such damages as the Court may deem proper with [sic] the provisions of Copyright statutes" (which includes actual damages) (Count I and III) and seeks "all damages Plaintiff has

sustained in consequence of the Defendant's [sic] use of her image including…. reasonable usage fees…" Therefore, evidence pertaining to her modeling career being sought in this interrogatory clearly bear on, and reasonably could lead to other matters that bear on, any issue that is or may be in this case. *Oppenheimer*, *Id.* There is no doubt that proof of Plaintiff's modeling work is necessary, material and relevant to the subject matter of the pending litigation and reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff should not be allowed to further delay responding to this interrogatory by stating that she will provide answers at a later date.  Fed.R.Civ.P. 33 allows Plaintiff 30 days to respond to this request.  She never filed a motion for extension of time to respond, nor was an extension of time even requested prior to the date the response was due to Defendants. Plaintiff's initial and supplemental responses are both deficient and do not provide a complete answer to this interrogatory.  Plaintiff has the duty to investigate and obtain the information responsive to this request.

> "The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.... If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him. if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not ... If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information."

*Essex Builders Group, Inc. v. Amerisure Ins. Co*., 230 F.R.D. 682, 685 (M.D. Fla. 2005)(citing *Continental Illinois Nat'l Bank & Trust Co. v. Caton,* 136 F.R.D. 682, 684 (D.Kan.1991)). Plaintiff's supplemental response further illustrates her continuous disregard for the discovery rules of this Court.  Plaintiff should be ordered to provide a response to this request other than "Plaintiff cannot recall."  Additionally, Plaintiff's supplemental response does not, in any way,

provide specificity to her objections but merely provides more excuses for why she did not answer.  Plaintiff has not provided responsive, full, complete or unevasive answers and appears not have made any effort at all to obtain the information from any other source.  Even if Plaintiff does not know the information, she failed to describe any effort she made to obtain the information.

Furthermore, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A) which provides that any objection shall state with specificity all grounds.  The Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request state with specificity all grounds for the objection.  *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4).  As such, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A).  An objection that a discovery request is harassing, unduly burdensome or irrelevant, standing alone, is meaningless and fails to comply with the Local and Federal Rules.  *See Bank of Magnolia v. M & P Global Financial Services, Inc.*, 268 F.R.D. 514, 519 (S.D. Fla. 2009).  A party objecting on these grounds must "explain the specific and particular way in which a request" is harassing.  *Id.*  Claims of undue burden should be supported by a statement with specific information demonstrating how the request is overly burdensome.  *Id.* (citing *Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418, *4 (S.D. Fla. Nov. 19, 2008)).

### Interrogatory Number 16:

Identify any business entity which you have ever held any ownership interest in.

**RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation.  This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.**

**SUPPLEMENTAL RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Whether Plaintiff has or has not had an interest in a business entity has absolutely no relevance to this litigation. Plaintiff has brought suit on her own behalf, as an individual, not on behalf of a business. Whether Plaintiff has or has not had interest in a business entity has no weight on issues relating to this case.**

The objections Plaintiff sets forth to this Interrogatory are deficient and invalid. The Federal Rules of Civil Procedure, the Local Rules, of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request must state with specificity all grounds for the objection. *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4).

With regard to Plaintiff's objection that the request is not calculated to lead to admissible evidence, and that the interrogatory seeks information that is not material, necessary or relevant, Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Evidence of Plaintiff's modeling work, and the revenue and profit generated therefrom, is highly relevant to the subject matter of the pending litigation. Plaintiff may have owned businesses in the modeling industry and Defendants have the right to take discovery on this information. Plaintiff is claiming to have been damaged as a result of Defendants' publication of pictures of Plaintiff (Third Amended Complaint, ¶18, 26 and 28), and seeks "such damages as the Court may deem proper with [sic] the provisions of Copyright statutes" (which includes actual damages) (Count I and III) and seeks "all damages Plaintiff has sustained in consequence of the Defendant's [sic] use of her image including…. reasonable usage fees…" Therefore, evidence pertaining to any businesses she has owned being sought in this interrogatory clearly bear on, and reasonably could lead to other matters that bear on, any issue that is or may be in this case. *Oppenheimer, Id.* There is no doubt that proof of

Plaintiff's modeling work is necessary, material and relevant to the subject matter of the pending litigation and reasonably calculated to lead to the discovery of admissible evidence.

**C.**    **Defendants Are Entitled to Recover Their Attorney's Fees If The Court Grants This Motion.**

If this motion is granted, or if Plaintiff discloses the requested discovery after this motion is filed, this Court may require the Plaintiff to pay Defendants' reasonable expenses incurred in bringing this motion, including attorney's fees. Fed.R.Civ.P. 37(a)(5)(A) and (d)(1). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir.1999). Defendants have clearly been prejudiced by Plaintiff's failure to properly respond to most, if not all, of their Requests. Therefore, if the Court grants Defendants' Motion, they should be awarded their attorney's fees and costs in the bringing of this Motion, or such other relief as this Court deems just, such as the striking of the Third Amended Complaint.

WHEREFORE, Defendants respectfully request that this Court enter an Order: 1) compelling Plaintiff to respond to Rhames' interrogatories; 2) deeming all objections to Defendants' interrogatories waived; 3) granting Defendants their attorney's fees and costs incurred in connection with this motion; 4) granting Defendants additional time to depose Plaintiff once responses are received; and 5) granting all other relief which this Court deems just and proper.

## Certification Of Conference With Opposing Counsel

The undersigned has communicated in writing with counsel for Plaintiff regarding the relief requested herein by way of the correspondence between the parties attached hereto as Exhibit "A." Counsel for Plaintiff has not consented to the relief requested.

Respectfully submitted on May 16, 2010.

29

s/Evan D. Appell/_____
Kevin P. Crosby, Esq.
Florida Bar No. 654360
Evan D. Appell, Esq.
Florida Bar No. 58146
GRAYROBINSON, P.A.
401 East Las Olas Blvd, Suite 1850
Fort Lauderdale, FL 33301
Telephone: 954-761-8111
Facsimile: 954-761-8112
Counsel for Defendants
Sunshine Health Products, Inc. and
Cathie Rhames

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2010, I electronically filed the foregoing Motion to Compel and Motion for Sanctions using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

/s/Evan D. Appell_____
Evan D. Appell, Esq.

<u>**SERVICE LIST**</u>

John Bruce Ostrow, Esq.
Stephen Asher Ostrow, Esq.
John B. Ostrow, P.A.
Courthouse Tower
44 West Flagler Street
Suite 1250
Miami, FL 33130
Phone; 305-358-1496
Fax: 305-371-7999
jbostrow@bellsouth.net
stphnostrow@yahoo.com

*Attorney for Plaintiff*