UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61529-CIV-MORENO/TORRES

CATHRIN LORENTZ,

       Plaintiff,

v.

SUNSHINE HEALTH PRODUCTS,
INC., a Florida corporation, and
CATHIE RHAMES,

       Defendants.
_____/

## ORDER ON PENDING DISCOVERY MOTIONS

This matter is before the Court on three pending discovery motions in the case, which have been referred by the District Judge and are ripe for disposition: Defendant's Motion to Compel Responses to Cathie Rames' March 26, 2010 Interrogatories and Motion for Sanctions [D.E. 106], Defendant's Motion to Compel Responses to Defendant's Request for Production and Motion for Sanctions [D.E. 107], and Defendant's Motion to Compel Responses to Defendant's Third Request for Production and Motion for Sanctions [D.E. 109].[1] The Court has reviewed the motions, responses, replies and the record in the case. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

---

[1] Discovery in this action closed on June 14, 2010.

1.     Defendant's Motion to Compel Responses to Cathie Rames's March 26, 2010 Interrogatories and Motion for Sanctions [D.E. 106] is **GRANTED** in part and otherwise **DENIED**. The motion relates to Interrogatories served upon Plaintiff in this action on March 26, 2010, and to the subsequent initial responses and the two sets of supplemental responses produced by Plaintiff on April 19, 2010, May 13, 2010, and May 24, 2010 respectively.[2] Plaintiff objected to the Interrogatories as seeking information not reasonably calculated to lead to the discovery of admissible evidence, and as being overly burdensome. Notwithstanding her objections, Plaintiff provided two sets of supplemental responses seeking to satisfy Defendants' requests, allegedly in good faith and to the best of her ability. Defendants nonetheless maintain that Plaintiff has still failed to provide complete answers to the interrogatories and/or has failed to state her objections with the specificity required by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. *See* Fed. R. Civ. P. 33(b)(4) and S.D.L.R. 26.1(g)(3)(A). Defendants also assert that Plaintiff's objections to the Interrogatories as being "overly burdensome" are improper and should be overruled.  Moreover, Defendants argue that even though Plaintiff objected to the Interrogatories, her objections must be deemed waived given that, notwithstanding her

---

[2]     Plaintiff provided Defendants with a first set of supplemental responses on May 13, 2010 after Defendants sent correspondence to Plaintiff noting the deficiencies in the initial responses.  Plaintiff failed to cure the deficiencies after two opportunities to do so prior to the filing of the instant motion, but on May 24, 2010, Plaintiff filed a second set of supplemental responses seeking to satisfy Defendants' requests.

objections, she provided answers purporting to be complete responses to the Interrogatories.

Upon consideration of the record as a whole, this Court finds that the majority of the information sought through Defendants' interrogatories are relevant to the claims and defenses raised in this action, and are thus discoverable. *See* Fed. R. Civ. P. 26(b)(1). Specifically, because Plaintiff alleged that she is a professional model and that she has been damaged as a result of Defendants' publication of her pictures, and because she seeks damages for Defendants' use of her image, including reasonable usage fees, the information sought by Defendants (e.g. information with respect to income earned by Plaintiff from her modeling career and information on modeling jobs she has secured in the past) clearly bears on, or could reasonably lead to other matters that bear on, Plaintiff's claims.

Nonetheless, Defendant's motion is moot, at this point, with respect to Interrogatories Nos. 5-6, 12, and 16 because the answers that Plaintiff provided to these Interrogatories in her second supplemental response sufficiently cured the deficiencies that Defendant complained of with regard to Plaintiff's initial response and first supplemental response.[3] As such, this Court only finds good cause for discovery purposes to Order that better responses to Defendant's interrogatories Nos. 2 and 7-8 be produced by Plaintiff forthwith. Fed. R. Civ. P. 37(a)(4) provides that an evasive or

---

[3] Note that in addition to producing two sets of supplemental responses to Defendant's Interrogatories, Plaintiff further elaborated on each of her prior answers to these Interrogatories through her Response to Defendant's Motion [D.E. 114].

3

incomplete response must be treated as a failure to respond. Hence, Plaintiff is required to provide a more complete response to the aforementioned Interrogatories. If Plaintiff does not recall some of the information requested, she must make reasonable efforts to review the necessary documents if they are in her possession, custody or control in order to respond. Specifically, Plaintiff is required to provide: (1) any information available to her that substantiates her modeling income, or absence thereof, between 2003 and 2010 [D.E. 109 at 7; D.E. 114 at 2]; (2) information on jobs she obtained through the entities referred to in her response to Interrogatory No. 7 (i.e., FACE MODELS, Jay Bernstein, and the photographers she has worked with) [D.E. 109 at 18; D.E. 114 at 8; and (3) any information available on the inquiries received via www.cathrinlorentz.com [D.E. 109 at 21; D.E. 114 at 9].

If, however, Plaintiff lacks the necessary information to make a full, fair and specific answer to any of the interrogatories, she should state so under oath and should also set forth in detail the efforts made to obtain this information. *See Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) (citing *Cont'l Ill. Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991); *see also Molinos Valle Del Cibao v. Lama*, No. 07-23066-CIV, 2008 WL 3850807, at *2 (S.D. Fla. Aug. 14, 2008).

While Plaintiff is not required to provide a more complete answer to Interrogatory No. 4 given her lack of recollection, she shall be precluded from offering or referring to any evidence at trial referencing the photographers mentioned only by first name in her response, or any work product such people created or any use of such

4

work product. Thus, absent a supplemental interrogatory response following this Order, plaintiff may only offer or refer to evidence referencing photographer Peter Hall, who took the images in question.

As to Interrogatory No. 3, Plaintiff's objections are sustained as information on any income that Plaintiff may have received from non-modeling work is not relevant to Plaintiff's claim or any defense to such claim.

Plaintiff is Ordered to provide supplemental interrogatory answers in compliance with this Order by July 6, 2010. In all other respects, however, the motion is Denied in so far as it seeks greater sanctions or remedies not supported by the current record.

2.      Defendant's Motion to Compel Responses to Defendant's Request for Production and Motion for Sanctions [D.E. 107] is **GRANTED** in part and otherwise **DENIED**. The motion relates to production requests Nos. 1, 4-6, 8, 10, 13-14, 16-17, and 19, that Defendant objected to as being not limited in time, and harassing and/or privileged as seeking confidential and irrelevant financial information.[4]

Upon a thorough review of the record, the Court finds that the documents requested by Defendants are relevant to the claims and defenses raised in this action,

---

[4] The initial Request for Production was served upon Plaintiff in this action on March 26, 2010. Plaintiff subsequently provided initial responses and two sets of supplemental responses on April 27, 2010, May 13, 2010, and May 26, 2010 respectively. Supplemental responses were provided to Defendants after correspondence was sent to Plaintiff noting the deficiencies in their initial responses. Notwithstanding the supplemental responses that were filed, Plaintiff failed to cure her deficiencies prior to the filing of this Motion.

and are thus discoverable pursuant to Fed. R. Civ. P. 26(b)(1). Documents and records that substantiate Plaintiff's income, or that relate to her modeling work and to the fame and prevalence of Plaintiff's pictures, are all relevant to establish the value attributable to Plaintiff's photographs and the use thereof, and they are also relevant to establish any damages that Plaintiff may ultimately be entitled to if she prevails on the merits.

This motion is moot with respect to Request for Production No. 17, given that Defendants withdrew their Motion, in part, with regard to this request after Plaintiff provided a sufficient and valid response. Defendants complain, however, that Plaintiff failed to indicate in her responses to the remaining production requests whether or not she has *any* responsive documents. Defendants contend that it appears as though Plaintiff has construed their request to mean that if she does not have *all* of the requested documents, she does not have to produce *any*; which they argue is not the intent of their request nor a reasonable interpretation of it.

After due consideration of the record, this Court finds that Plaintiff has failed to cure the deficiencies complained of to this date. Thus, this Court will Grant the motion to compel Plaintiff to provide *any* documents in Plaintiff's custody or control, or any documents that are otherwise accessible to Plaintiff by way of reasonable efforts. If however, Plaintiff has searched for the responsive documents and has not discovered any, she must provide a written response stating the efforts that were undertaken in searching for the documents and must state, under oath, that no

documents responsive to Defendants' request were discovered. *See Weber Design Group, Inc. v. U.S. Wrecking and Land Clearing, Inc.*, No. 08-10019-CIV, 2008 WL 4888825, at *2 (S.D. Fla. Nov. 10, 2008).

With respect to production request No. 6, Plaintiff is required to provide a basis for her claim of privilege and provide a privilege log, pursuant to Fed. R. Civ. P. 26(b)(5), to the extent that any documents to this request exists. Otherwise, Plaintiff must provide all responsive documents to production request No. 6, or if no documents exist, she must state so under oath. *See Essex Builders,* 230 F.R.D. at 685.

Finally, in so far as production requests Nos. 4-5 are concerned, Plaintiff is required to properly label and identify which documents pertain to which requests pursuant to Fed. R. Civ. P. 34(b)(2).

Plaintiff is Ordered to provide supplemental responses to Defendant's production requests in compliance with this Order by July 6, 2010. No greater sanctions or remedies shall be granted at this time.

3.      Defendant's Motion to Compel Responses to Defendant's Third Request for Production and Motion for Sanctions [D.E. 109] is **GRANTED** in part and otherwise **DENIED**. Defendants served their Third Request for Production upon Plaintiff on April 13, 2010. Responses were due on or before May 14, 2010. *See* Fed. R. Civ. P. 34(b)(2). Plaintiff, however, failed to produce a response by the due date. Thus, on May 18, 2010, Defendants sent correspondence to Plaintiff's counsel requesting these responses. Plaintiff's counsel responded on May 19, 2010 with a letter

stating that Plaintiff would be seeking an extension of time to respond to Defendants' requests; yet, the letter did not specify the basis for such an extension, nor for how long Plaintiff would be seeking an extension of time. Plaintiff's letter also failed to make any affirmative representation of the efforts undertaken by Plaintiff to obtain the requested documents prior to the date of the correspondence. Defendants' counsel responded stating that they could not consent to an extension unless a specific time period to respond was made clear, and unless Plaintiff agreed that all objections to their requests would be deemed waived.

In response to Defendants' letter, Plaintiff's counsel sent correspondence to Defendants along with responses to Defendants' Third Request for Production. Within her correspondence, Plaintiff's counsel states that her client had to ship items from Norway in order to respond to Defendants' requests [D.E. 109 at 2]. Defendants complain however, that only one (1) of thirty-one (31) responses (Response #5) to the production requests makes reference to this particular circumstance. *Id.* Defendants further complain that twenty (20) of the thirty-one (31) responses are insufficient as they merely state "Cannot locate." *Id.*

This motion is moot with respect to Request for Production No.5 and with respect to any documents that Plaintiff has already produced to Defendants (e.g. the documents attached to Defendants' underlying motion [D.E. 109] as Exhibits G and H). We nonetheless Grant Defendants' motion to compel production of the requested documents that have not yet been produced by Plaintiff, and that Plaintiff has in her

8

control or custody, or that she may obtain by way of reasonable efforts. In the alternative, if Plaintiff is unable to locate the responsive documents, she must state so in writing and under oath. *See Weber Design,* 2008 WL 4888825, at *2; *Essex Builders,* 230 F.R.D. at 685.

Plaintiff is Ordered to provide supplemental responses to Defendant's Third Request for Production in compliance with this Order by July 6, 2010. As to Defendants' request for attorney fees and costs related to bringing the instant motion, this Court finds that such an award is not appropriate at this time. If Plaintiff fails to comply with this Order, Defendants may renew their request for attorney's fees and costs associated with moving to compel Plaintiff's Responses to Interrogatories, Production of Requested Documents, and/or compliance with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 21st day of June, 2010.

      */s/ Edwin G. Torres*
      EDWIN G. TORRES
      United States Magistrate Judge