## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-CIV-61529-MORENO/TORRES

CATHRIN LORENTZ,

        Plaintiff,

vs.

SUNSHINE HEALTH PRODUCTS, INC.,
a Florida corporation, and CATHIE
RHAMES,

        Defendants.

_____/

### NOTICE OF APPEAL OF THE MAGISTRATE JUDGE'S JUNE 21, 2010 ORDER

The Plaintiff, CATHRIN LORENTZ, by and through the undersigned counsel and in accordance with S.D. Local Rule 4, hereby files this Notice of Appeal of the Magistrate Judge's June 21, 2010 discovery, and as grounds therefore states the following:

1. On June 21, 2010 the Magistrate Judge entered an order on pending discovery motions filed by the Defendants. [D.E. 131, Exhibit A]

2. The Magistrate Judge granted in part and denied in part, Defendants' Motion to Compel Responses to Cathie Rhames March 26, 2010 Interrogatories and  Motion for Sanctions. [D.E. 131, Exhibit A]; [D.E. 106, Exhibit B].  The Magistrate Judge made a ruling specifically referring to Interrogatory No. 4, which requests the following:

"Identify all photographers you have worked with in your career as a model." [Exhibit C, Defendants March 26, 2010 interrogatories].

Plaintiff responded as follows:

"Cathrin Lorentz objects to this Interrogatory, as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome. Notwithstanding the prior objections, Plaintiff has worked with Peter Hall. Plaintiff has also worked with a photographer named Joachim, who is Swedish and worked in Stockholm, Sweden. Plaintiff worked with a photographer named Marco who is Italian and worked in Milan, Italy. Plaintiff worked with a photographer named Christian who was French and worked in Monaco, France. Plaintiff also worked with a photographer named Frode, who lived and worked in Norway." [Exhibit D].

In the June 21, 2010 order, the magistrate stated the following:

"While Plaintiff is not required to provide a more complete answer to Interrogatory No. 4 given her lack of recollection, she shall be precluded from offering or referring to any evidence at trial referencing the photographers mentioned only by first name in her response, or any work product such people created or any use of such work product. Thus, absent a supplemental interrogatory response following this Order, plaintiff may only offer or refer to evidence referencing photographer Peter Hall, who took the images in question." [See Page.4 of the Court's Order, Exhibit A].

Plaintiff made a good faith effort to provide the names of all photographers she has worked with in her career. Plaintiff has been unable to recall the last names or any other personal information for each photographer she has worked with. As a model, she has often times been hired by an agency independent company,

designer, magazine, or periodical of sorts. The entity hiring her, has generally hired an independent photographer as well. This is common practice in the modeling field. The Plaintiff was not frequently hired by the photographer himself, and generally had no personal relations with such photographer. Thus, the Plaintiff has no reason to know or recall detailed information for such photographers. Nevertheless, the Plaintiff has images from various photographers in her modeling portfolio, which have been offered into evidence as proof of her modeling career. Some of those pictures were photographed by individuals other than Peter Hall. The court has essentially stated that if Plaintiff cannot come up with detailed information for these photographers, it will preclude evidence of the photographers and any of their photographs. However, regardless of the photographers' personal information, these photographs are relevant and material pieces of evidence. Precluding evidence of her modeling photographs, just because Plaintiff cannot recall the photographers' last names, would be extremely prejudicial to the Plaintiff.

3. On May 16, 2010 Defendant filed a Motion to Compel answers to the March 26, 2010 interrogatories, stating that Plaintiff's answer to interrogatory No.4 was deficient. [D.E. 106, Exhibit B]. Defendant's motion simply asked for better, more detailed answers to this particular interrogatory. Plaintiff filed a supplemental response to interrogatory No. 4 on May 24, 2010, providing more detailed information. [Exhibit D]. Defendant did not address the May 24, 2010

supplemental answer in her Motion, as it had yet to be filed.  On June 11, 2010, after Defendant had received supplemental responses, the Defendant wrote a reply to the motion.  In Defendants' June 11, 2010 reply to Plaintiffs response to the Motion to compel answers, she stated the following: "If Plaintiff is not required to give a more complete and less vague answer, this Court should preclude her from offering or referring to any evidence referencing the people mentioned in this response, the work product such people created and any use of such work product." [Exhibit E].  This, however, was not an argument addressed in Defendants original Motion.  Still, the court took this request into account and ruled in the Defendants favor.  Yet, the Plaintiff had no opportunity to respond to Defendants' request that this information be precluded from evidence!  The Eleventh Circuit Court of Appeals stated in Herring v. Secretary, Dept. of Corrections, 397 F.3d 1338 (11th Cir. 2005) that arguments raised for the first time in a reply brief are not properly before a reviewing court. See also Windsor v. United States, 2009 U.S. Dist. LEXIS 57511 (M.D. Fla. 2009).

4.  Defendant's request to preclude photographer information was inserted in a reply to a discovery motion for better answers.   It was not filed as part of a separate motion, as would have been appropriate under the Eleventh Circuit and Federal Rules.   According to Fed.R.Civ.P.37(c), "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a

hearing, or at a trial, **unless the failure was substantially justified or is harmless**." Should the Plaintiff fail to supplement interrogatory No.4 with further information pertaining to the photographers, it will be substantially justified on her part.  As discussed above, Plaintiff has not willfully refused to identify any photographers. Rather, she has identified those photographers that she remembers to the best of her ability.  Refusing to admit the photographer's work into evidence would be in direct contravention of Rule 37.   It was extremely prejudicial for the court to make such a ruling without providing Plaintiff's an opportunity to argue why the photographer information and work product should **not** be precluded from evidence (regardless of the photographers last names).

5. Moreover, Defendants' interrogatory No.4 has asked Plaintiff to "identify" photographers she has worked with as a model. [Exhibit C].   It did not specifically ask for the photographers' full names, addresses, telephone numbers, locations, or any such information!  It simply asked Plaintiff to identify photographers.   The Plaintiff provided first names and locations for those photographers she has remembered working with.  This is a sufficient answer to the interrogatory requested.   It is tremendously prejudicial for the court to preclude evidence of these photographers AND their work, as it pertains to the Plaintiff, just because the Plaintiff does not remember their personal information (which was hardly requested by the Defendants' in the first place).

6.  Plaintiff has provided supplemental interrogatory answers to the Defendants

pursuant to the June 21, 2010 court order. Within the supplement, Plaintiff has

provided a supplemental answer to question No.4, stating:

> <u>Supplemental Answer</u>: Plaintiff has worked with Peter Hall. Plaintiff has
> also worked with a photographer named Joachim, who is Swedish and
> worked in Stockholm, Sweden. Plaintiff worked with a photographer
> named Marco who is Italian and worked in Milan, Italy. Plaintiff worked
> with a photographer named Christian who was French and worked in
> Monaco, France. Plaintiff also worked with a photographer named Frode,
> who lived and worked in Norway.
> When working for agencies of companies models are usually introduced
> on a first name basis to the photographer.
> The Plaintiff has tried to locate Marco by searching the web but had no
> success. Plaintiff has found Joachim, the Swedish photographer, whose
> last name is Lechte and can be located in Gothenburg. Plaintiff has also
> located Rune and Espen, whose full names are Rune Eriksen and Espen W
> Knudsen who are based in Oslo. Plaintiff has also worked with a
> photographer named Froydis who can be contacted on 0047 901 420 37.

Plaintiff has done her very best to answer this question and comply with the

courts order.  Even so, Plaintiff feels that the magistrates order as it pertains to

this interrogatory is prejudicial and may be damaging for her case.  As such,

Plaintiff asks that the court reconsider the abovementioned portion of the June

21, 2010 order.

Respectfully submitted,

**JOHN B. OSTROW, PA**

By:     /s/ John B. Ostrow
        JOHN B. OSTROW
        Florida Bar Number:  124324
        STEPHEN A. OSTROW
        Florida Bar Number:  182338
        MORGAN P. OSTROW
        Florida Bar Number:  70188

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel on the attached service list this 30th day of June, 2010.

**JOHN B. OSTROW, PA**
Counsel for Plaintiff
Courthouse Tower, Suite 1250
44 West Flagler Street
Miami, Florida 33130
Telephone:  (305) 358-1496
Facsimile:   (305) 371-7999

By:   /s/ John B. Ostrow
      JOHN B. OSTROW
      Florida Bar Number:  124324
      STEPHEN A. OSTROW
      Florida Bar Number:  182338
      MORGAN P. OSTROW
      Florida Bar Number:  70188

*Lorentz v. Sunshine Health, et al.*
CASE NO.: 09-CIV-61529-MORENO/TORRES
PAGE 8 OF 8

## SERVICE LIST

### *Counsel for Defendants*
Kevin P. Crosby, Esq.
Evan D. Appell, Esq.
Jeffrey T. Kuntz, Esq.
**GRAY ROBINSON PA**
401 East Las Olas Boulevard
Suite 1850
Fort Lauderdale, Florida 33301
                954-761-8111 – TEL
                954-761-8112 – FAX

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61529-CIV-MORENO/TORRES

CATHRIN LORENTZ,

      Plaintiff,

v.

SUNSHINE HEALTH PRODUCTS,
INC., a Florida corporation, and
CATHIE RHAMES,

      Defendants.

_____/

## ORDER ON PENDING DISCOVERY MOTIONS

    This matter is before the Court on three pending discovery motions in the case, which have been referred by the District Judge and are ripe for disposition: Defendant's Motion to Compel Responses to Cathie Rames' March 26, 2010 Interrogatories and Motion for Sanctions [D.E. 106], Defendant's Motion to Compel Responses to Defendant's Request for Production and Motion for Sanctions [D.E. 107], and Defendant's Motion to Compel Responses to Defendant's Third Request for Production and Motion for Sanctions [D.E. 109].[1] The Court has reviewed the motions, responses, replies and the record in the case. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

_____

      [1]     Discovery in this action closed on June 14, 2010.

1

1.      Defendant's Motion to Compel Responses to Cathie Rames's March 26, 2010 Interrogatories and Motion for Sanctions [D.E. 106] is **GRANTED** in part and otherwise **DENIED**. The motion relates to Interrogatories served upon Plaintiff in this action on March 26, 2010, and to the subsequent initial responses and the two sets of supplemental responses produced by Plaintiff on April 19, 2010, May 13, 2010, and May 24, 2010 respectively.[2]  Plaintiff objected to the Interrogatories as seeking information not reasonably calculated to lead to the discovery of admissible evidence, and as being overly burdensome. Notwithstanding her objections, Plaintiff provided two sets of supplemental responses seeking to satisfy Defendants' requests, allegedly in good faith and to the best of her ability. Defendants nonetheless maintain that Plaintiff has still failed to provide complete answers to the interrogatories and/or has failed to state her objections with the specificity required by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. *See* Fed. R. Civ. P. 33(b)(4) and S.D.L.R. 26.1(g)(3)(A). Defendants also assert that Plaintiff's objections to the Interrogatories as being "overly burdensome" are improper and should be overruled.  Moreover, Defendants argue that even though Plaintiff objected to the Interrogatories, her objections must be deemed waived given that, notwithstanding her

---

[2]      Plaintiff provided Defendants with a first set of supplemental responses on May 13, 2010 after Defendants sent correspondence to Plaintiff noting the deficiencies in the initial responses.  Plaintiff failed to cure the deficiencies after two opportunities to do so prior to the filing of the instant motion, but on May 24, 2010, Plaintiff filed a second set of supplemental responses seeking to satisfy Defendants' requests.

objections, she provided answers purporting to be complete responses to the Interrogatories.

Upon consideration of the record as a whole, this Court finds that the majority of the  information sought through Defendants' interrogatories are relevant to the claims and defenses raised in this action, and are thus discoverable. *See* Fed. R. Civ. P. 26(b)(1). Specifically, because Plaintiff alleged that she is a professional model and that she has been damaged as a result of Defendants' publication of her pictures, and because she seeks damages for Defendants' use of her image, including reasonable usage fees, the information sought by Defendants (e.g. information with respect to income earned by Plaintiff from her modeling career and information on modeling jobs she has secured in the past) clearly bears on, or could reasonably lead to other matters that bear on, Plaintiff's claims.

Nonetheless, Defendant's motion is moot, at this point, with respect to Interrogatories Nos. 5-6, 12, and 16 because the answers that Plaintiff provided to these Interrogatories in her second supplemental response sufficiently cured the deficiencies that Defendant complained of with regard to Plaintiff's initial response and first supplemental response.[3] As such, this Court only finds good cause for discovery purposes to Order that better responses to Defendant's interrogatories Nos. 2 and 7-8 be produced by Plaintiff forthwith. Fed. R. Civ. P. 37(a)(4) provides that an evasive or

---

[3]     Note that in addition to producing two sets of supplemental responses to Defendant's Interrogatories, Plaintiff further elaborated on each of her prior answers to these Interrogatories through her Response to Defendant's Motion [D.E. 114].

incomplete response must be treated as a failure to respond. Hence, Plaintiff is required to provide a more complete response to the aforementioned Interrogatories. If Plaintiff does not recall some of the information requested, she must make reasonable efforts to review the necessary documents if they are in her possession, custody or control in order to respond. Specifically, Plaintiff is required to provide: (1) any information available to her that substantiates her modeling income, or absence thereof, between 2003 and 2010 [D.E. 109 at 7; D.E. 114 at 2]; (2) information on jobs she obtained through the entities referred to in her response to Interrogatory No. 7 (i.e., FACE MODELS, Jay Bernstein, and the photographers she has worked with) [D.E. 109 at 18; D.E. 114 at 8; and (3) any information available on the inquiries received via www.cathrinlorentz.com [D.E. 109 at 21; D.E. 114 at 9].

If, however, Plaintiff lacks the necessary information to make a full, fair and specific answer to any of the interrogatories, she should state so under oath and should also set forth in detail the efforts made to obtain this information. *See Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) (citing *Cont'l Ill. Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991); *see also Molinos Valle Del Cibao v. Lama*, No. 07-23066-CIV, 2008 WL 3850807, at *2 (S.D. Fla. Aug. 14, 2008).

While Plaintiff is not required to provide a more complete answer to Interrogatory No. 4 given her lack of recollection, she shall be precluded from offering or referring to any evidence at trial referencing the photographers mentioned only by first name in her response, or any work product such people created or any use of such

4

work product. Thus, absent a supplemental interrogatory response following this Order, plaintiff may only offer or refer to evidence referencing photographer Peter Hall, who took the images in question.

As to Interrogatory No. 3, Plaintiff's objections are sustained as information on any income that Plaintiff may have received from non-modeling work is not relevant to Plaintiff's claim or any defense to such claim.

Plaintiff is Ordered to provide supplemental interrogatory answers in compliance with this Order by July 6, 2010. In all other respects, however, the motion is Denied in so far as it seeks greater sanctions or remedies not supported by the current record.

2.     Defendant's Motion to Compel Responses to Defendant's Request for Production and Motion for Sanctions [D.E. 107] is **GRANTED** in part and otherwise **DENIED**. The motion relates to production requests Nos. 1, 4-6, 8, 10, 13-14, 16-17, and 19, that Defendant objected to as being not limited in time, and harassing and/or privileged as seeking confidential and irrelevant financial information.[4]

Upon a thorough review of the record, the Court finds that the documents requested by Defendants are relevant to the claims and defenses raised in this action,

---

[4]     The initial Request for Production was served upon Plaintiff in this action on March 26, 2010. Plaintiff subsequently provided initial responses and two sets of supplemental responses on April 27, 2010, May 13, 2010, and May 26, 2010 respectively. Supplemental responses were provided to Defendants after correspondence was sent to Plaintiff noting the deficiencies in their initial responses. Notwithstanding the supplemental responses that were filed, Plaintiff failed to cure her deficiencies prior to the filing of this Motion.

and are thus discoverable pursuant to Fed. R. Civ. P. 26(b)(1). Documents and records that substantiate Plaintiff's income, or that relate to her modeling work and to the fame and prevalence of Plaintiff's pictures, are all relevant to establish the value attributable to Plaintiff's photographs and the use thereof, and they are also relevant to establish any damages that Plaintiff may ultimately be entitled to if she prevails on the merits.

This motion is moot with respect to Request for Production No. 17, given that Defendants withdrew their Motion, in part, with regard to this request after Plaintiff provided a sufficient and valid response. Defendants complain, however, that Plaintiff failed to indicate in her responses to the remaining production requests whether or not she has *any* responsive documents. Defendants contend that it appears as though Plaintiff has construed their request to mean that if she does not have *all* of the requested documents, she does not have to produce *any*; which they argue is not the intent of their request nor a reasonable interpretation of it.

After due consideration of the record, this Court finds that Plaintiff has failed to cure the deficiencies complained of to this date. Thus, this Court will Grant the motion to compel Plaintiff to provide *any* documents in Plaintiff's custody or control, or any documents that are otherwise accessible to Plaintiff by way of reasonable efforts. If however, Plaintiff has searched for the responsive documents and has not discovered any, she must provide a written response stating the efforts that were undertaken in searching for the documents and must state, under oath, that no

6

documents responsive to Defendants' request were discovered. *See Weber Design Group, Inc. v. U.S. Wrecking and Land Clearing, Inc.*, No. 08-10019-CIV, 2008 WL 4888825, at *2 (S.D. Fla. Nov. 10, 2008).

With respect to production request No. 6, Plaintiff is required to provide a basis for her claim of privilege and provide a privilege log, pursuant to Fed. R. Civ. P. 26(b)(5), to the extent that any documents to this request exists. Otherwise, Plaintiff must provide all responsive documents to production request No. 6, or if no documents exist, she must state so under oath. *See Essex Builders,* 230 F.R.D. at 685.

Finally, in so far as production requests Nos. 4-5 are concerned, Plaintiff is required to properly label and identify which documents pertain to which requests pursuant to Fed. R. Civ. P. 34(b)(2).

Plaintiff is Ordered to provide supplemental responses to Defendant's production requests in compliance with this Order by July 6, 2010. No greater sanctions or remedies shall be granted at this time.

3.     Defendant's Motion to Compel Responses to Defendant's Third Request for Production and Motion for Sanctions [D.E. 109] is **GRANTED** in part and otherwise **DENIED**. Defendants served their Third Request for Production upon Plaintiff on April 13, 2010. Responses were due on or before May 14, 2010. *See* Fed. R. Civ. P. 34(b)(2). Plaintiff, however, failed to produce a response by the due date. Thus, on May 18, 2010, Defendants sent correspondence to Plaintiff's counsel requesting these responses. Plaintiff's counsel responded on May 19, 2010 with a letter

7

stating that Plaintiff would be seeking an extension of time to respond to Defendants' requests; yet, the letter did not specify the basis for such an extension, nor for how long Plaintiff would be seeking an extension of time. Plaintiff's letter also failed to make any affirmative representation of the efforts undertaken by Plaintiff to obtain the requested documents prior to the date of the correspondence. Defendants' counsel responded stating that they could not consent to an extension unless a specific time period to respond was made clear, and unless Plaintiff agreed that all objections to their requests would be deemed waived.

In response to Defendants' letter, Plaintiff's counsel sent correspondence to Defendants along with responses to Defendants' Third Request for Production. Within her correspondence, Plaintiff's counsel states that her client had to ship items from Norway in order to respond to Defendants' requests [D.E. 109 at 2]. Defendants complain however, that only one (1) of thirty-one (31) responses (Response #5) to the production requests makes reference to this particular circumstance. *Id.* Defendants further complain that twenty (20) of the thirty-one (31) responses are insufficient as they merely state "Cannot locate." *Id.*

This motion is moot with respect to Request for Production No.5 and with respect to any documents that Plaintiff has already produced to Defendants (e.g. the documents attached to Defendants' underlying motion [D.E. 109] as Exhibits G and H). We nonetheless Grant Defendants' motion to compel production of the requested documents that have not yet been produced by Plaintiff, and that Plaintiff has in her

8

control or custody, or that she may obtain by way of reasonable efforts. In the alternative, if Plaintiff is unable to locate the responsive documents, she must state so in writing and under oath. *See Weber Design,* 2008 WL 4888825, at *2; *Essex Builders,* 230 F.R.D. at 685.

Plaintiff is Ordered to provide supplemental responses to Defendant's Third Request for Production in compliance with this Order by July 6, 2010. As to Defendants' request for attorney fees and costs related to bringing the instant motion, this Court finds that such an award is not appropriate at this time. If Plaintiff fails to comply with this Order, Defendants may renew their request for attorney's fees and costs associated with moving to compel Plaintiff's Responses to Interrogatories, Production of Requested Documents, and/or compliance with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 21st day of June, 2010.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

9

EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-civ-61529-Moreno/Torres

CATHRIN LORENTZ

        Plaintiff,

v.

SUNSHINE HEALTH PRODUCTS, INC.,
a Florida Corporation, and CATHIE RHAMES

        Defendants.

_____/

## DEFENDANTS' MOTION TO COMPEL RESPONSES TO CATHIE RHAMES' MARCH 26, 2010 INTERROGATORIES AND MOTION FOR SANCTIONS

COME NOW, the Defendants, SUNSHINE HEALTH PRODUCTS, INC. ("Sunshine"), a Florida corporation, and CATHIE RHAMES ("Rhames"), hereinafter collectively "Defendants," and move this Court for an Order compelling better responses to Rhames' March 26, 2010 Interrogatories pursuant to Fed.R.Civ.P. 37 and S.D.L.R. 26.1 and move for sanctions in this matter pursuant to Fed. R. Civ. P. 37, and as grounds therefore state as follows:

### INTRODUCTION

Rhames served Interrogatories (the "Interrogatories") upon Plaintiff in this action on March 26, 2010, and responses and supplemental responses to the Interrogatories were served on Defendants on April 19, 2010 and May 13, 2010 respectively. [1] [2] However, once received, it was clear that Plaintiff was deliberately avoiding providing a response to a majority of the

_____

[1] Supplemental responses were provided to Defendants after Defendants sent correspondence to Plaintiff noting the deficiencies. Even after giving Plaintiff two opportunities to cure her deficiencies prior to the filing of this Motion, Plaintiff still failed to do so. The correspondence between Plaintiff's and Defendants' counsel are attached and incorporated by reference hereto at Exhibit "A."

[2] A copy of Plaintiff's initial and supplemental response to Rhames' March 26, 2010 Interrogatories are attached and incorporated by reference hereto at Exhibit "B."

1

Interrogatories and did so by setting forth baseless and insufficient objections which fail to comply with the Local and Federal Rules of Civil Procedure. Therefore, Defendants seek an Order compelling better responses to the Interrogatories and seeking sanctions against Plaintiff for Plaintiff's ever increasing vexatious conduct in discovery in this matter.

## MEMORANDUM OF LAW

**A.** **Defendants Are Entitled To An Order Compelling Complete Responses To Rhames' Interrogatories**

The Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida and prevailing case law make it explicitly clear that any party making an objection to a discovery request must state with specificity all grounds for the objection. *See* S.D. L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4). Each and every objection made to Rhames' Interrogatories failed to do so.

The scope of discovery is governed by Rule 26 of the Federal Rules of Civil Procedure. Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). The term "relevant" in this definition is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (citing *Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

Furthermore, the onus is on the party resisting discovery to demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome. *See* Fed.R.Civ.P. 33(b)(4); *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir.1985); *Chubb Integrated Sys. Ltd. v. National Bank of Washington,* 103 F.R.D. 52, 59-60 (D.D.C.1984). Any party or person who seeks to **evade** or thwart full and candid discovery incurs the risk of "serious

2

consequence," which may involve an order designating facts to be taken as established, striking out pleadings, rendering judgment by default, dismissal of the action or a claim therein, or assessment of expenses and attorneys' fees. *Diaz v. Southern Drilling Co.*, 427 F.2d 1118, 1126 (5th Cir.1970); 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2281 (1970 and 1991 supp.).

It is clear, based on the objections made in response to Rhames' Interrogatories, that Plaintiff is attempting to evade discovery and is intentionally failing to provide Defendants with any information regarding her claims. Throughout this case, Plaintiff has insisted that she is a "professional model" (Third Amended Complaint, ¶4). Most of the Interrogatories Plaintiff objected to deal directly with this topic. For Plaintiff's response to state that these Interrogatories are irrelevant goes against Plaintiff's own position.. Should Plaintiff continue to thwart the discovery process in bad faith, Defendants reserve the right to request adverse inferences regarding matters alleged by Plaintiff in her pleadings. *Bashir v. Amtrak,* 119 F.3d 929, 931 (11th Cir.1997).

Defendants' conferred with Plaintiff's counsel on May 7, 2010 and again on May 11, 2010 to let them know the deficiencies in the responses. On May 13, 2010 Defendants received Plaintiff's unverified supplemental responses to the Interrogatories. Plaintiff's alleged "supplemental responses" are still deficient as they do not provide legally sufficient responses to Rhames' Interrogatories. Many of Plaintiff's supplemental responses state that "Plaintiff has been asked to answer this interrogatory to the best of her ability and the same will be provided to the Defendants as soon as it is answered" or that "Plaintiff cannot recall." Providing supplemental responses that Plaintiff will, at some undetermined point in the future, provide

answers further demonstrates Plaintiff's vexatious and arrogant conduct toward Defendants' discovery efforts.

The deadline to provide responses to the Interrogatories was April 27, 2010. Plaintiff provided insufficient responses on April 19, 2010 and then again on May 13, 2010. Defendants notified Plaintiff of the deficiencies by way of the May 7, 2010 letter attached to Exhibit "A." These deficiencies have not been cured, and Plaintiff is further delaying Defendants' ability to obtain relevant and necessary information to defend against the claims alleged by Plaintiff.

Pursuant to Fed. R. Civ. P. 37, Defendants may move this Court for an Order compelling disclosure or discovery. Since Plaintiff has essentially failed to provide any responses and/or sufficient objections pursuant to the Local and Federal Rules to the Interrogatories, they are entitled to an Order compelling Plaintiff to provide better responses to the Interrogatories forthwith, and awarding sanctions against Plaintiff and/or her counsel.

**B.**    **The Responses Provided By Plaintiff Are Insufficient**

Each numbered interrogatory is set forth below, along with Plaintiff's response to same which Defendants argue are deficient, and Defendants' legal basis as to why the responses are deficient.

**Interrogatory Number 2:**

Identify the amount of income you earned from your modeling career by year in 2003, 2004, 2005, 2006, 2007, 2008, 2009 and 2010.  For each year, please identify the source of all income and how much you derived from each source.

**RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome.**

**SUPPLEMENTAL RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible**

4

> evidence.  Moreover, this interrogatory is overly burdensome.  Notwithstanding the prior objections, Plaintiff cannot recall.

The objections Plaintiff sets forth to this Interrogatory are deficient and invalid. The Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request must state with specificity all grounds for the objection.  *See* S.D.L.R. 26.1(g)(3)(a) and Fed.R.Civ.P. 33(b)(4).

With regard to Plaintiff's objection that the request is not calculated to lead to admissible evidence, and that the interrogatory seeks information that is not material, necessary or relevant, Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Evidence of Plaintiff's modeling work, and the revenue and profit generated therefrom, is highly relevant to the subject matter of the pending litigation. Plaintiff is claiming to have been damaged as a result of Defendants' publication of pictures of Plaintiff (Third Amended Complaint, ¶18, 26 and 28), and seeks "such damages as the Court may deem proper with [sic] the provisions of the copyright statutes" (which includes actual damages) (Count I and III) and seeks "all damages Plaintiff has sustained in consequence of the Defendant's [sic] use of her image including.... reasonable usage fees..." Therefore, Plaintiff's income over the years in question clearly bears on, and reasonably could lead to other matters that bear on, any issue that is or may be in this case including Plaintiff's claim for damages. *Oppenheimer, Id.* There is no doubt that proof of Plaintiff's modeling work, if any, and its value is necessary, material and relevant to the subject matter of the pending litigation and reasonably calculated to lead to the discovery of admissible evidence.

The assertion that Plaintiff "cannot recall" the income she made in the years requested is not a valid basis for refusing to answer this interrogatory. At her deposition, Plaintiff testified

that she received money for a modeling job for "Scooter" and the money was put into her bank account. She also represented that she would "go back and see if I can trace it." See January 11, 2010 deposition transcript of Cathrin Lorentz at p. 185. (D.E. 84 at Exhibit "C"). Plaintiff has the duty to investigate and obtain the information responsive to this request.

> "The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.... If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not ... If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information."

*Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005)(citing *Continental Illinois Nat'l Bank & Trust Co. v. Caton,* 136 F.R.D. 682, 684 (D.Kan.1991)). Plaintiff's supplemental response further illustrates her continuous disregard for the discovery rules of this Court. Plaintiff should be ordered to provide a response to this request other than "Plaintiff cannot recall." Additionally, Plaintiff's supplemental response does not, in any way, provide specificity to her objections but merely provides more excuses for why she did not answer. Plaintiff has not provided responsive, full, complete or unevasive answers and appears not have made any effort at all to obtain the information from any other source. Even if Plaintiff does not know the information, she failed to describe any effort she made to obtain the information.

Furthermore, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A) which provides that any objection shall state with specificity all grounds. The Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida and prevailing case law require that any party making an objection to a

discovery request state with specificity all grounds for the objection. *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4). As such, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A). An objection that a discovery request is harassing, unduly burdensome or irrelevant, standing alone, is meaningless and fails to comply with the Local and Federal Rules. *See Bank of Magnolia v. M & P Global Financial Services, Inc.*, 268 F.R.D. 514, 519 (S.D. Fla. 2009). A party objecting on these grounds must "explain the specific and particular way in which a request" is harassing. *Id.* Claims of undue burden should be supported by a statement with specific information demonstrating how the request is overly burdensome. *Id.* (citing *Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418, *4 (S.D. Fla. Nov. 19, 2008)).

### Interrogatory Number 3:

Identify any income You earned in each of 2003, 2004, 2005, 2006, 2007, 2008, 2009 and 2010 that was not related to Your work as a model. For each year, please provide the name of the source of income and how much you derived from each source.

> **RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome.**

> **SUPPLEMENTAL RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome. Notwithstanding the prior objections, Plaintiff cannot recall.**

The objections Plaintiff sets forth to this Interrogatory are deficient and invalid. The Federal Rules of Civil Procedure, the Local Rules, of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request must state with specificity all grounds for the objection. *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4).

7

With regard to Plaintiff's objection that the request is not calculated to lead to admissible evidence, and that the interrogatory seeks information that is not material, necessary or relevant, Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Evidence of Plaintiff's other work, and the revenue and profit generated therefrom, is highly relevant to the subject matter of the pending litigation because any revenue derived by Plaintiff from sources other than modeling may not be used as a basis for establishing a value of her images. Therefore, evidence pertaining to her other sources of income sought in this interrogatory clearly bear on, and reasonably could lead to other matters that bear on, any issue that is or may be in this case. *Oppenheimer, Id.* There is no doubt that proof of Plaintiff's other work outside of modeling is necessary, material and relevant to the subject matter of the pending litigation and reasonably calculated to lead to the discovery of admissible evidence.

The assertion that Plaintiff "cannot recall" the income she made in the years requested is not a valid basis for refusing to answer this interrogatory.  Plaintiff has the duty to investigate and obtain the information responsive to this request.

> "The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.... If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him. if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not ... If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information."

*Essex Builders Group, Inc. v. Amerisure Ins. Co.,* 230 F.R.D. 682, 685 (M.D. Fla. 2005)(citing *Continental Illinois Nat'l Bank & Trust Co. v. Caton,* 136 F.R.D. 682, 684 (D.Kan.1991)). Plaintiff's supplemental response further illustrates her continuous disregard for the discovery

rules of this Court. Plaintiff should be ordered to provide a response to this request other than "Plaintiff cannot recall." Additionally, Plaintiff's supplemental response does not, in any way, provide specificity to her objections but merely provides more excuses for why she did not answer. Plaintiff has not provided responsive, full, complete or unevasive answers and appears not have made any effort at all to obtain the information from any other source. Even if Plaintiff does not know the information, she failed to describe any effort she made to obtain the information.

Furthermore, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A) which provides that any objection shall state with specificity all grounds. The Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request state with specificity all grounds for the objection. *See* S.D. L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4). As such, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A). An objection that a discovery request is harassing, unduly burdensome or irrelevant, standing alone, is meaningless and fails to comply with the Local and Federal Rules. *See Bank of Magnolia v. M & P Global Financial Services, Inc.*, 268 F.R.D. 514, 519 (S.D. Fla. 2009). A party objecting on these grounds must "explain the specific and particular way in which a request" is harassing. *Id.* Claims of undue burden should be supported by a statement with specific information demonstrating how the request is overly burdensome. *Id.* (citing *Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418, *4 (S.D. Fla. Nov. 19, 2008)).

**<u>Interrogatory Number 4:</u>**

Identify all photographers you have worked with in Your career as a model.

9

**RESPONSE:** Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome.

**SUPPLEMENTAL RESPONSE:** Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome. Notwithstanding the prior objections, Plaintiff has worked with Peter Hall. Plaintiff has been asked to answer this interrogatory to the best of her ability and the same will be provided to the Defendants as soon as it is answered.

The objections Plaintiff sets forth to this Interrogatory are deficient and invalid.. The Federal Rules of Civil Procedure, the Local Rules, of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request must state with specificity all grounds for the objection. *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4).

With regard to Plaintiff's objection that the request is not calculated to lead to admissible evidence, and that the interrogatory seeks information that is not material, necessary or relevant, Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Evidence of Plaintiff's modeling work, and photographers she has worked with is highly relevant to the subject matter of the pending litigation as the amount of work she has done, and the level of skill and/or fame of any photographers she has worked with, is likely to bear on the value of her images and the amount of compensation she can demand. Plaintiff is claiming to have been damaged as a result of Defendants' publication of pictures of Plaintiff (Third Amended Complaint, ¶18, 26 and 28), and seeks "such damages as the Court may deem proper with [sic] the provisions of Copyright statutes" (which includes actual damages) (Count I and III) and seeks "all damages Plaintiff has

sustained in consequence of the Defendant's [sic] use of her image including.... reasonable usage fees..." Therefore, evidence pertaining to her modeling career in this interrogatory clearly bear on, and reasonably could lead to other matters that bear on, any issue that is or may be in this case. *Oppenheimer, Id.* There is no doubt that proof of Plaintiff's modeling work is necessary, material and relevant to the subject matter of the pending litigation and reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff should not be allowed to further delay responding to this interrogatory by stating that she will provide answers at a later date. Fed.R.Civ.P. 33 allows Plaintiff 30 days to respond to this request. She never filed a motion for extension of time to respond, nor was an extension of time even requested prior to the date the response was due to Defendants. Plaintiff's initial and supplemental responses are both deficient and do not provide a complete answer to this interrogatory. Plaintiff has the duty to investigate and obtain the information responsive to this request.

> "The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.... If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him. if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not ... If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information."

*Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005)(citing *Continental Illinois Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D.Kan.1991)). Plaintiff's supplemental response further illustrates her continuous disregard for the discovery rules of this Court. Plaintiff should be ordered to provide a response to this request other than "Plaintiff cannot recall." Additionally, Plaintiff's supplemental response does not, in any way,

provide specificity to her objections but merely provides more excuses for why she did not answer. Plaintiff has not provided responsive, full, complete or unevasive answers and appears not have made any effort at all to obtain the information from any other source. Even if Plaintiff does not know the information, she failed to describe any effort she made to obtain the information.

Furthermore, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A) which provides that any objection shall state with specificity all grounds. The Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request state with specificity all grounds for the objection. *See* S.D.L.R. 26.1 (g)(3)(A) and Fed.R.Civ.P. 33(b)(4). As such, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A). An objection that a discovery request is harassing, unduly burdensome or irrelevant, standing alone, is meaningless and fails to comply with the Local and Federal Rules. *See Bank of Magnolia v. M & P Global Financial Services, Inc.*, 268 F.R.D. 514, 519 (S.D. Fla. 2009). A party objecting on these grounds must "explain the specific and particular way in which a request" is harassing. *Id.* Claims of undue burden should be supported by a statement with specific information demonstrating how the request is overly burdensome. *Id.* (citing *Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418, *4 (S.D. Fla. Nov. 19, 2008)).

**<u>Interrogatory Number 5:</u>**

Describe all modeling projects you have worked on during Your career as a model.

**RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome.**

Case 0:09-cv-61529-FAM Document 138 Entered on FLSD Docket 06/30/2010 Page 32 of 75

**SUPPLEMENTAL RESPONSE:** Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome. Plaintiff has been a model since childhood and certainly cannot recall every modeling project she has worked on during her career. Notwithstanding the prior objections, Plaintiff has been asked to answer this interrogatory to the best of her ability and the same will be provided to Defendants as soon as it is answered.

The objections Plaintiff sets forth to this Interrogatory are deficient and invalid. The Federal Rules of Civil Procedure, the Local Rules, of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request must state with specificity all grounds for the objection. *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4).

With regard to Plaintiff's objection that the request is not calculated to lead to admissible evidence, and that the interrogatory seeks information that is not material, necessary or relevant, Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Evidence of Plaintiff's modeling work, is highly relevant to the subject matter of the pending litigation as the amount of work she has done, and the level of skill and/or fame of any photographers she has worked with, is likely to bear on the value of her images and the amount of compensation she can demand. Plaintiff is claiming to have been damaged as a result of Defendants' publication of pictures of Plaintiff (Third Amended Complaint, ¶18, 26 and 28), and seeks "such damages as the Court may deem proper with [sic] the provisions of Copyright statutes" (which includes actual damages) (Count I and III) and seeks "all damages Plaintiff has sustained in consequence of the Defendant's [sic] use of her image including…. reasonable usage fees…" Therefore, evidence pertaining to her modeling career in this interrogatory clearly bear on, and reasonably could lead to other matters

that bear on, any issue that is or may be in this case. *Oppenheimer*, *Id.* There is no doubt that

proof of Plaintiff's modeling work is necessary, material and relevant to the subject matter of the

pending litigation and reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff should not be allowed to further delay responding to this interrogatory by stating

that she will provide answers at a later date. Fed.R.Civ.P. 33 allows Plaintiff 30 days to respond

to this request. She never filed a motion for extension of time to respond, nor was an extension

of time even requested prior to the date the response was due to Defendants. Plaintiff's initial

and supplemental responses are both deficient and do not provide a complete answer to this

interrogatory. Plaintiff has the duty to investigate and obtain the information responsive to this

request.

> "The answers to interrogatories must be responsive, full, complete and unevasive. The
> answering party cannot limit his answers to matters within his own knowledge and ignore
> information immediately available to him or under his control.... If an appropriate
> interrogatory is propounded, the answering party will be required to give the information
> available to him. if any, through his attorney, investigators employed by him or on his
> behalf or other agents or representative whether personally known to the answering party
> or not ... If the answering party lacks necessary information to make a full, fair and
> specific answer to an interrogatory, it should so state under oath and should set forth in
> detail the efforts made to obtain the information."

*Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005)(citing

*Continental Illinois Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D.Kan.1991)).

Plaintiff's supplemental response further illustrates her continuous disregard for the discovery

rules of this Court. Plaintiff should be ordered to provide a response to this request other than

"Plaintiff cannot recall." Additionally, Plaintiff's supplemental response does not, in any way,

provide specificity to her objections but merely provides more excuses for why she did not

answer. Plaintiff has not provided responsive, full, complete or unevasive answers and appears

not have made any effort at all to obtain the information from any other source. Even if Plaintiff

does not know the information, she failed to describe any effort she made to obtain the information.

Furthermore, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A) which provides that any objection shall state with specificity all grounds. The Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request state with specificity all grounds for the objection. *See* S.D. L.R. 26.1 (g)(3)(A) and Fed.R.Civ.P. 33(b)(4). As such, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A). An objection that a discovery request is harassing, unduly burdensome or irrelevant, standing alone, is meaningless and fails to comply with the Local and Federal Rules. *See Bank of Magnolia v. M & P Global Financial Services, Inc.*, 268 F.R.D. 514, 519 (S.D. Fla. 2009). A party objecting on these grounds must "explain the specific and particular way in which a request" is harassing. *Id.* Claims of undue burden should be supported by a statement with specific information demonstrating how the request is overly burdensome. *Id.* (citing *Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418, *4 (S.D. Fla. Nov. 19, 2008)).

**Interrogatory Number 6:**

Describe all jobs You have had since January 1, 2003, including, but not limited to, any modeling jobs. For each, please provide the location, dates, employer or hiring party, salary, supervisor's name and address and reason for leaving.

> **RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome.**
>
> **SUPPLEMENTAL RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible**

**evidence. Moreover, this interrogatory is overly burdensome. Notwithstanding the prior objections, Plaintiff has been asked to answer this interrogatory to the best of her ability and the same will be provided to Defendants as soon as it is answered.**

The objections Plaintiff sets forth to this Interrogatory are deficient and invalid. The Federal Rules of Civil Procedure, the Local Rules, of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request must state with specificity all grounds for the objection. *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4).

With regard to Plaintiff's objection that the request is not calculated to lead to admissible evidence, and that the interrogatory seeks information that is not material, necessary or relevant, Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Evidence of Plaintiff's modeling work is highly relevant to the subject matter of the pending litigation as the amount of work she has done, and the level of skill and/or fame of any photographers she has worked with, is likely to bear on the value of her images and the amount of compensation she can demand. Plaintiff is claiming to have been damaged as a result of Defendants' publication of pictures of Plaintiff (Third Amended Complaint, ¶18, 26 and 28), and seeks "such damages as the Court may deem proper with [sic] the provisions of Copyright statutes" (which includes actual damages) (Count I and III) and seeks "all damages Plaintiff has sustained in consequence of the Defendant's [sic] use of her image including.... reasonable usage fees..." Therefore, evidence pertaining to her modeling career and other work Plaintiff has done being sought in this interrogatory clearly bear on, and reasonably could lead to other matters that bear on, any issue that is or may be in this case. *Oppenheimer, Id.* There is no doubt that proof of Plaintiff's modeling and non-modeling

work is necessary, material and relevant to the subject matter of the pending litigation and reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff should not be allowed to further delay responding to this interrogatory by stating that she will provide answers at a later date. Fed.R.Civ.P. 33 allows Plaintiff 30 days to respond to this request. She never filed a motion for extension of time to respond, nor was an extension of time even requested prior to the date the response was due to Defendants. Plaintiff's initial and supplemental responses are both deficient and do not provide a complete answer to this interrogatory. Plaintiff has the duty to investigate and obtain the information responsive to this request.

> "The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.... If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him. if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not ... If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information."

*Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005)(citing *Continental Illinois Nat'l Bank & Trust Co. v. Caton,* 136 F.R.D. 682, 684 (D.Kan.1991)). Plaintiff's supplemental response further illustrates her continuous disregard for the discovery rules of this Court. Plaintiff should be ordered to provide a response to this request other than "Plaintiff cannot recall." Additionally, Plaintiff's supplemental response does not, in any way, provide specificity to her objections but merely provides more excuses for why she did not answer. Plaintiff has not provided responsive, full, complete or unevasive answers and appears not have made any effort at all to obtain the information from any other source. Even if Plaintiff

does not know the information, she failed to describe any effort she made to obtain the information.

Furthermore, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A) which provides that any objection shall state with specificity all grounds. The Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request state with specificity all grounds for the objection. *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4). As such, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A). An objection that a discovery request is harassing, unduly burdensome or irrelevant, standing alone, is meaningless and fails to comply with the Local and Federal Rules. *See Bank of Magnolia v. M & P Global Financial Services, Inc.*, 268 F.R.D. 514, 519 (S.D. Fla. 2009). A party objecting on these grounds must "explain the specific and particular way in which a request" is harassing. *Id.* Claims of undue burden should be supported by a statement with specific information demonstrating how the request is overly burdensome. *Id.* (citing *Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418, *4 (S.D. Fla. Nov. 19, 2008)).

### Interrogatory Number 7:

Identify all websites, magazines, newspapers, catalogs, brochures, marketing agencies and/or talent agencies You used to solicit business as a model from January 1, 2000 through the present, the period of time You used each to solicit business, and, for each, all jobs procured through and the amount of revenue received by You.

**RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome.**

**SUPPLEMENTAL RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation.**

**This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome. Notwithstanding the prior objections, Plaintiff has been asked to answer this interrogatory to the best of her ability and the same will be provided to Defendants as soon as it is answered.**

The objections Plaintiff sets forth to this Interrogatory are deficient and invalid. The Federal Rules of Civil Procedure, the Local Rules, of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request must state with specificity all grounds for the objection. *See* S.D. L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4).

With regard to Plaintiff's objection that the request is not calculated to lead to admissible evidence, and that the interrogatory seeks information that is not material, necessary or relevant, Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Evidence of Plaintiff's modeling work, and prominence of such work is highly relevant to the subject matter of the pending litigation as this information is likely to bear on the value of her images and the amount of compensation she can demand as a result of Defendants' publication of her images. Plaintiff is claiming to have been damaged as a result of Defendants' publication of pictures of Plaintiff (Third Amended Complaint, ¶18, 26 and 28), and seeks "such damages as the Court may deem proper with [sic] the provisions of Copyright statutes" (which includes actual damages) (Count I and III) and seeks "all damages Plaintiff has sustained in consequence of the Defendant's [sic] use of her image including.... reasonable usage fees..." Therefore, evidence pertaining to her modeling career in this interrogatory clearly bear on, and reasonably could lead to other matters that bear on, any issue that is or may be in this case. *Oppenheimer*, *Id.* There is no doubt that proof of Plaintiff's modeling work is necessary, material and relevant to the subject matter of the pending litigation and reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff should not be allowed to further delay responding to this interrogatory by stating that she will provide answers at a later date. Fed.R.Civ.P. 33 allows Plaintiff 30 days to respond to this request. She never filed a motion for extension of time to respond, nor was an extension of time even requested prior to the date the response was due to Defendants. Plaintiff's initial and supplemental responses are both deficient and do not provide a complete answer to this interrogatory. Plaintiff has the duty to investigate and obtain the information responsive to this request.

> "The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.... If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him. if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not ... If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information."

*Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005)(citing *Continental Illinois Nat'l Bank & Trust Co. v. Caton,* 136 F.R.D. 682, 684 (D.Kan.1991)). Plaintiff's supplemental response further illustrates her continuous disregard for the discovery rules of this Court. Plaintiff should be ordered to provide a response to this request other than "Plaintiff cannot recall." Additionally, Plaintiff's supplemental response does not, in any way, provide specificity to her objections but merely provides more excuses for why she did not answer. Plaintiff has not provided responsive, full, complete or unevasive answers and appears not have made any effort at all to obtain the information from any other source. Even if Plaintiff does not know the information, she failed to describe any effort she made to obtain the information.

Furthermore, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A) which provides that any objection shall state with specificity all grounds. The Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request state with specificity all grounds for the objection. *See* S.D. L.R. 26.1 g)(3)(A) and Fed.R.Civ.P. 33(b)(4). As such, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A). An objection that a discovery request is harassing, unduly burdensome or irrelevant, standing alone, is meaningless and fails to comply with the Local and Federal Rules. *See Bank of Magnolia v. M & P Global Financial Services, Inc.*, 268 F.R.D. 514, 519 (S.D. Fla. 2009). A party objecting on these grounds must "explain the specific and particular way in which a request" is harassing. *Id.* Claims of undue burden should be supported by a statement with specific information demonstrating how the request is overly burdensome. *Id.* (citing *Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418, *4 (S.D. Fla. Nov. 19, 2008)).

### Interrogatory Number 8:

Identify all inquires You received via www.cathrinlorentz.com. For each, list who inquired, the inquirer's e-mail address, phone number, address, the date of the inquiry, what type of work they were requesting from You and how the inquirer found Your website.

**RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome.**

**SUPPLEMENTAL RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome. Notwithstanding the prior objections, Plaintiff cannot recall the details pertaining to each inquiry. Plaintiff did not personally manage her website when it was active. Most inquiries were received by Erik Von Holm, the Plaintiffs' [sic] webmaster.**

21

The objections Plaintiff sets forth to this Interrogatory are deficient and invalid. The Federal Rules of Civil Procedure, the Local Rules, of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request must state with specificity all grounds for the objection. *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4).

With regard to Plaintiff's objection that the request is not calculated to lead to admissible evidence, and that the interrogatory seeks information that is not material, necessary or relevant, Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Evidence of Plaintiff's modeling work, clients she has worked and who inquired about her services is highly relevant to the subject matter of the pending litigation as the amount of work she has done, and the level of skill and/or fame is likely to bear on the value of her images and the amount of compensation she can demand. Plaintiff is claiming to have been damaged as a result of Defendants' publication of pictures of Plaintiff (Third Amended Complaint, ¶18, 26 and 28), and seeks "such damages as the Court may deem proper with [sic] the provisions of Copyright statutes" (which includes actual damages) (Count I and III) and seeks "all damages Plaintiff has sustained in consequence of the Defendant's [sic] use of her image including.... reasonable usage fees..." Therefore, evidence pertaining to her modeling career being sought in this interrogatory clearly bears on, and reasonably could lead to other matters that bear on, any issue that is or may be in this case. *Oppenheimer, Id.* There is no doubt that proof of Plaintiff's modeling work is necessary, material and relevant to the subject matter of the pending litigation and reasonably calculated to lead to the discovery of admissible evidence.

The assertion that Plaintiff "cannot recall" the inquiries she received is not a valid basis for refusing to answer this interrogatory. Plaintiff has the duty to investigate and obtain the information responsive to this interrogatory.

> "The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.... If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him. if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not ... If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information."

*Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005)(citing *Continental Illinois Nat'l Bank & Trust Co. v. Caton,* 136 F.R.D. 682, 684 (D.Kan.1991)). Plaintiff's supplemental response further illustrates her continuous disregard for the discovery rules of this Court. Plaintiff should be ordered to provide a response to this interrogatory other than "Plaintiff cannot recall." Additionally, Plaintiff's supplemental response does not, in any way, provide specificity to her objections but merely provides more excuses for why she did not answer. Plaintiff has not provided responsive, full, complete or unevasive answers and appears not have made any effort at all to obtain the information from any other source. Even if Plaintiff does not know the information, she failed to describe any effort she made to obtain the information.

Furthermore, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A) which provides that any objection shall state with specificity all grounds. The Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request state with specificity all grounds for the objection. *See* S.D.L.R. 26.1(g)(3)(A)

and Fed.R.Civ.P. 33(b)(4). As such, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A). An objection that a discovery request is harassing, unduly burdensome or irrelevant, standing alone, is meaningless and fails to comply with the Local and Federal Rules. *See Bank of Magnolia v. M & P Global Financial Services, Inc.*, 268 F.R.D. 514, 519 (S.D. Fla. 2009). A party objecting on these grounds must "explain the specific and particular way in which a request" is harassing. *Id.* Claims of undue burden should be supported by a statement with specific information demonstrating how the request is overly burdensome. *Id.* (citing *Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418, *4 (S.D. Fla. Nov. 19, 2008)).

### Interrogatory Number 9:

Describe when you decided to discontinue the use of Your website, www.cathrinlorentz.com, and why you decided to do so.

**RESPONSE: Cathrin Lorentz stopped maintaining, using and updating the website and it was closed by the web company as a result.**

**SUPPLEMENTAL RESPONSE: Cathrin Lorentz stopped maintaining, using and updating the website and it was closed by the web company as a result. Cathrin Lorentz does not recall the specific date she ceased involvement with the site. Erik Von Holm, Plaintiffs [sic] webmaster, had independently maintained the site while it was active.**

Plaintiff's response did not answer the interrogatory at all. There was no reference to when Plaintiff decided to discontinue the use of the website and why she decided to do so. She merely stated how the website stopped operating. This response is insufficient and should be responded to in full. Plaintiff's supplemental response also fails to fully respond to the interrogatory.

### Interrogatory Number 12:

Identify any and all ways You have solicited work as a model from January 1, 2003 through the present.

24

**RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome.**

**SUPPLEMENTAL RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is overly burdensome. Notwithstanding the prior objections, Plaintiff has been asked to answer this interrogatory to the best of her ability and the same will be provided to Defendants as soon as it is answered.**

The objections Plaintiff sets forth to this Interrogatory are deficient and invalid. The Federal Rules of Civil Procedure, the Local Rules, of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request must state with specificity all grounds for the objection. *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4).

With regard to Plaintiff's objection that the request is not calculated to lead to admissible evidence, and that the interrogatory seeks information that is not material, necessary or relevant, Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Evidence of Plaintiff's modeling work, and clients she has worked and how she solicited work as a model is highly relevant to the subject matter of the pending litigation as the amount of work she has done, and the level of skill and/or fame is likely to bear on the value of her images and the amount of compensation she can demand. the places where Plaintiff has solicited work from is also highly relevant to determine her fame and status as a model. Plaintiff is claiming to have been damaged as a result of Defendants' publication of pictures of Plaintiff (Third Amended Complaint, ¶18, 26 and 28), and seeks "such damages as the Court may deem proper with [sic] the provisions of Copyright statutes" (which includes actual damages) (Count I and III) and seeks "all damages Plaintiff has

25

sustained in consequence of the Defendant's [sic] use of her image including.... reasonable usage fees..." Therefore, evidence pertaining to her modeling career being sought in this interrogatory clearly bear on, and reasonably could lead to other matters that bear on, any issue that is or may be in this case. *Oppenheimer, Id.* There is no doubt that proof of Plaintiff's modeling work is necessary, material and relevant to the subject matter of the pending litigation and reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff should not be allowed to further delay responding to this interrogatory by stating that she will provide answers at a later date. Fed.R.Civ.P. 33 allows Plaintiff 30 days to respond to this request. She never filed a motion for extension of time to respond, nor was an extension of time even requested prior to the date the response was due to Defendants. Plaintiff's initial and supplemental responses are both deficient and do not provide a complete answer to this interrogatory. Plaintiff has the duty to investigate and obtain the information responsive to this request.

> "The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.... If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him. if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not ... If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information."

*Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005)(citing *Continental Illinois Nat'l Bank & Trust Co. v. Caton,* 136 F.R.D. 682, 684 (D.Kan.1991)). Plaintiff's supplemental response further illustrates her continuous disregard for the discovery rules of this Court. Plaintiff should be ordered to provide a response to this request other than "Plaintiff cannot recall." Additionally, Plaintiff's supplemental response does not, in any way,

26

provide specificity to her objections but merely provides more excuses for why she did not answer. Plaintiff has not provided responsive, full, complete or unevasive answers and appears not have made any effort at all to obtain the information from any other source. Even if Plaintiff does not know the information, she failed to describe any effort she made to obtain the information.

Furthermore, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A) which provides that any objection shall state with specificity all grounds. The Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request state with specificity all grounds for the objection. *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4). As such, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A). An objection that a discovery request is harassing, unduly burdensome or irrelevant, standing alone, is meaningless and fails to comply with the Local and Federal Rules. *See Bank of Magnolia v. M & P Global Financial Services, Inc.*, 268 F.R.D. 514, 519 (S.D. Fla. 2009). A party objecting on these grounds must "explain the specific and particular way in which a request" is harassing. *Id.* Claims of undue burden should be supported by a statement with specific information demonstrating how the request is overly burdensome. *Id.* (citing *Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418, *4 (S.D. Fla. Nov. 19, 2008)).

**<u>Interrogatory Number 16:</u>**

Identify any business entity which you have ever held any ownership interest in.

**RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.**

**SUPPLEMENTAL RESPONSE: Cathrin Lorentz objects to this Interrogatory as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Whether Plaintiff has or has not had an interest in a business entity has absolutely no relevance to this litigation. Plaintiff has brought suit on her own behalf, as an individual, not on behalf of a business. Whether Plaintiff has or has not had interest in a business entity has no weight on issues relating to this case.**

The objections Plaintiff sets forth to this Interrogatory are deficient and invalid. The Federal Rules of Civil Procedure, the Local Rules, of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request must state with specificity all grounds for the objection. *See* S.D.L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4).

With regard to Plaintiff's objection that the request is not calculated to lead to admissible evidence, and that the interrogatory seeks information that is not material, necessary or relevant, Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Evidence of Plaintiff's modeling work, and the revenue and profit generated therefrom, is highly relevant to the subject matter of the pending litigation. Plaintiff may have owned businesses in the modeling industry and Defendants have the right to take discovery on this information. Plaintiff is claiming to have been damaged as a result of Defendants' publication of pictures of Plaintiff (Third Amended Complaint, ¶18, 26 and 28), and seeks "such damages as the Court may deem proper with [sic] the provisions of Copyright statutes" (which includes actual damages) (Count I and III) and seeks "all damages Plaintiff has sustained in consequence of the Defendant's [sic] use of her image including.... reasonable usage fees..." Therefore, evidence pertaining to any businesses she has owned being sought in this interrogatory clearly bear on, and reasonably could lead to other matters that bear on, any issue that is or may be in this case. *Oppenheimer, Id.* There is no doubt that proof of

Plaintiff's modeling work is necessary, material and relevant to the subject matter of the pending litigation and reasonably calculated to lead to the discovery of admissible evidence.

**C.**     **Defendants Are Entitled to Recover Their Attorney's Fees If The Court Grants This Motion.**

If this motion is granted, or if Plaintiff discloses the requested discovery after this motion is filed, this Court may require the Plaintiff to pay Defendants' reasonable expenses incurred in bringing this motion, including attorney's fees. Fed.R.Civ.P. 37(a)(5)(A) and (d)(1). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir.1999). Defendants have clearly been prejudiced by Plaintiff's failure to properly respond to most, if not all, of their Requests. Therefore, if the Court grants Defendants' Motion, they should be awarded their attorney's fees and costs in the bringing of this Motion, or such other relief as this Court deems just, such as the striking of the Third Amended Complaint.

WHEREFORE, Defendants respectfully request that this Court enter an Order: 1) compelling Plaintiff to respond to Rhames' interrogatories; 2) deeming all objections to Defendants' interrogatories waived; 3) granting Defendants their attorney's fees and costs incurred in connection with this motion; 4) granting Defendants additional time to depose Plaintiff once responses are received; and 5) granting all other relief which this Court deems just and proper.

**Certification Of Conference With Opposing Counsel**

The undersigned has communicated in writing with counsel for Plaintiff regarding the relief requested herein by way of the correspondence between the parties attached hereto as Exhibit "A." Counsel for Plaintiff has not consented to the relief requested.

Respectfully submitted on May 16, 2010.

s/Evan D. Appell/_____
Kevin P. Crosby, Esq.
Florida Bar No. 654360
Evan D. Appell, Esq.
Florida Bar No. 58146
GRAYROBINSON, P.A.
401 East Las Olas Blvd, Suite 1850
Fort Lauderdale, FL 33301
Telephone: 954-761-8111
Facsimile: 954-761-8112
Counsel for Defendants
Sunshine Health Products, Inc. and
Cathie Rhames

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2010, I electronically filed the foregoing Motion to Compel and Motion for Sanctions using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

/s/Evan D. Appell_____
Evan D. Appell, Esq.

# SERVICE LIST

John Bruce Ostrow, Esq.
Stephen Asher Ostrow, Esq.
John B. Ostrow, P.A.
Courthouse Tower
44 West Flagler Street
Suite 1250
Miami, FL 33130
Phone; 305-358-1496
Fax: 305-371-7999
jbostrow@bellsouth.net
stphnostrow@yahoo.com

*Attorney for Plaintiff*

\825403\2 - # 676329 v1

31

EXHIBIT "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-civ-61529-Moreno/Torres

CATHRIN LORENTZ

          Plaintiff,

v.

SUNSHINE HEALTH PRODUCTS, INC.,
a Florida Corporation, and CATHIE RHAMES

          Defendants.

_____/

## DEFENDANT, CATHIE RHAMES', FIRST SET OF INTERROGATORIES

Defendant, CATHIE RHAMES, by and through her undersigned counsel, and pursuant to

Fed. R. Civ. P. 33, hereby submits its First Set of Interrogatories to Plaintiff, CATHRIN

LORENTZ, to answer and respond to the questions set forth below in accordance with the Rule

within thirty (30) days from the date hereof, at the offices of the undersigned counsel for

Defendants.

        Respectfully submitted on March 26, 2010

                       /Kevin P. Crosby/_____
                       Kevin P. Crosby, Esq.
                       Florida Bar No. 654360
                       Evan D. Appell, Esq.
                       Florida Bar No. 58146
                       Jeffrey T. Kuntz, Esq.
                       Florida Bar No. 26345
                       GRAYROBINSON, P.A.
                       401 East Las Olas Blvd, Suite 1850
                       Fort Lauderdale, FL 33301
                       Telephone: 954-761-8111
                       Facsimile: 954-761-8112
                       Counsel for Defendants

Sunshine Health Products, Inc. and
Cathie Rhames

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 26, 2010, I served the foregoing Defendant's First

Set of Interrogatories via facsimile and U.S. Mail to the attached service list.

s/Kevin P. Crosby_____
Kevin P. Crosby, Esq,


## SERVICE LIST


John Bruce Ostrow, Esq.
Stephen Asher Ostrow, Esq.
John B. Ostrow, P.A.
Courthouse Tower
44 West Flagler Street
Suite 1250
Miami, FL 33130
Phone; 305-358-1496
Fax: 305-371-7999
jbostrow@bellsouth.net
stphnostrow@yahoo.com

*Attorney for Plaintiff*

## DEFINITIONS

The word "document" shall mean all materials within the scope of Fed. R. Civ. P. 34 including but not limited to: all writings and recordings, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but without limitation to, e-mail and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, worksheets, all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, native computer files and programs, tapes, cassettes, discs, recordings), including metadata.

Wherever in the following document a request is made to identify a "person," the term "person" includes individuals, corporations, partnerships, and other unincorporated associations; and "identify" means to supply the name and last known business and home address.

"Identify" shall mean, with respect to any natural person or entity, to set forth the full name, residence address, business address, business affiliation, and job title both at present and at the time to which the Interrogatory answer refers.

"Identify" shall mean, with respect to any document, to state the identity of the author or originator, the date authored or originated, the identity of each person to whom the original or a copy was addressed or delivered, the identity of such person known or reasonably believed by you to have present possession, custody, or control thereof, and a description of the general subject matter thereof, all with sufficient particularity to support a request for its production under the Federal Rules of Civil Procedure.

The terms "You" and "Your" shall mean Cathrin Lorentz and any business entity in which Cathrin Lorentz has had any ownership interest.

The term "Sunshine" shall mean Sunshine Health Products, Inc., its agents, officers, employees and any person or entity authorized to act on its behalf.

The term "Rhames" shall mean Cathie Rhames, individually.

The term "Morton" shall mean Ralph Morton, individually.

The term "Defendants" shall mean Sunshine Health Products, Inc. and Cathie Rhames.

**WARNING: Computer generated or stored documents, including computer files or data, electronic mail, and information on hard disk which has been erased but retrievable constitute documents within the meaning of the definition. An inspection of your computer system may be necessary to assure compliance with these interrogatories.**

**You must produce all documents that you have in your possession, custody or control, even if they are in the hands of a third party (e.g., domestic partner, accountant, attorney, photographer, or web host).**

## INSTRUCTIONS

Each paragraph below shall operate and be construed independently, and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

**CLAIM OF PRIVILEGE:** Identify every document requested herein that is withheld from production on any claim of privilege, work product or other immunity from production and for each such document state:

a.   the specific basis on which the document is being withheld;

b.   the names of any and all persons who have seen the document;

c.   the date and subject matter of the document;

d.   the location of the document;

e.   the custodian of the document;

f.   the author(s) or preparer(s) of the document;

g.   the recipient(s) of the document; and

h.   the persons who were furnished copies of the document.

Unless otherwise specified, the documents produced for inspection shall be produced as they are kept in the usual course of business and shall be organized and labeled to correspond with the paragraphs set forth below.

The words "and" and "or" shall be construed either synonymously or as is necessary to bring within the scope of these requests any information which might be construed to be outside their scope.

The obligation to produce the documents requested herein is intended to be of a continuing nature so that if at any time after compliance with this request, you should acquire possession, custody or control of any additional documents within the scope hereof, except to the

extent such documents are obtained by discovery in the public record of this case, you must furnish such documents as soon as is practicable.

To the extent that you consider any of the following requests, or portions thereof, objectionable, separately state which part is objected to and the ground(s) for each objection.

When identification of a document is required, your response should include such information as is sufficient to enable the Defendant to form an intelligible request for production of such documents with the degree of specificity required by F. R. Civ. P. 34, and if no copy of the document(s) identified is in your possession, custody or control, identify the name and address of the present custodian of the document or copy thereof.

When a statement of the date or time of an occurrence or given event is required and the exact date or time is not known, your response should state the approximate date or time and indicate clearly that the response is an approximation.

When a description of a place or location is required, your response should include the complete street address, including postal zip code, the name of the person or entity occupying such address and, when applicable, the room, suite or floor number.

## FIRST SET OF INTERROGATORIES

1.     Identify any and all correspondence you had with Defendants and/or Morton objecting to their use of Your photograph(s).

2.     Identify the amount of income you earned from your modeling career by year in 2003, 2004, 2005, 2006, 2007, 2008, 2009 and 2010.   For each year, please identify the source of all income and how much you derived from each source.

3.      Identify any income You earned in each of 2003, 2004, 2005, 2006, 2007, 2008, 2009 and 2010 that was not related to Your work as a model.  For each year, please provide the name of the source of income and how much you derived from each source.

4.      Identify all photographers you have worked with in Your career as a model.

5.      Describe all modeling projects you have worked on during Your career as a model.

6.      Describe all jobs You have had since January 1, 2003, including, but not limited to, any modeling jobs. For each, please provide the location, dates, employer or hiring party, salary, supervisor's name and address and reason for leaving.

7.      Identify all websites, magazines, newspapers, catalogs, brochures, marketing agencies and/or talent agencies You used to solicit business as a model from January 1, 2000 through the present, the period of time You used each to solicit business, and, for each, all jobs procured through and the amount of revenue received by You.

8.     Identify all inquires You received via www.cathrinlorentz.com. For each, list who inquired, the inquirer's e-mail address, phone number, address, the date of the inquiry, what type of work they were requesting from You and how the inquirer found Your website.

9.     Describe when you decided to discontinue the use of Your website, www.cathrinlorentz.com, and why you decided to do so.

10.     Identify any and all copyrights You own. For each, list the nature of the work and when the copyright was acquired.

11.     Describe when and how You obtained copyright rights to any and all photographs taken of You by Peter Hall.

12.     Identify any and all ways You have solicited work as a model from January 1, 2003 through the present.

13.     Identify any and all home telephone and cellular telephone numbers that have been registered to You from November 1, 2002 through June 1, 2003.

14.     Identify all modeling jobs for which You received compensation other than money in return for Your services.   For each, identify the nature of the work and the compensation received.

15.     Please look at the copy of your website page attached hereto at Exhibit "A" and identify in detail all of the subject matter in the photograph that is missing from that page.

16.     Identify any business entity which you have ever held any ownership interest in.

17.     Have you ever been involved in a bankruptcy proceeding?  If so, identify same.

EXHIBIT "D"

05-24-'10 16:28 FROM-John B. Ostrow PA        3053717999          T-821  P0001/0005 F-732

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-CIV-61529-MORENO/TORRES

CATHRIN LORENTZ,

     Plaintiff,

vs.

SUNSHINE HEALTH PRODUCTS, INC.,
a Florida corporation, and CATHIE
RHAMES,

     Defendants.

_____/

## PLAINTIFF's NOTICE OF SERVICE OF SUPPLEMENTAL ANSWERS TO DEFENDANT CATHIE RHAMES' FIRST SET OF INTERROGATORIES DATED MARCH 26, 2010

    COMES NOW, the Plaintiff, CATHRIN LORENTZ, by and through the

undersigned counsel, hereby gives Notice of Service of Answers to Defendant, CATHIE

RHAMES', First Set of Interrogatories dated March 26, 2010.

              Respectfully submitted,

              JOHN B. OSTROW, PA

          By: _____
              JOHN B. OSTROW
              Florida Bar Number: 124324
              STEPHEN A. OSTROW
              Florida Bar Number: 182338
              MORGAN P. OSTROW
              Florida Bar Number: 70188

## CERTIFICATE OF SERVICE

05-24-'10 16:28 FROM-John B. Ostrow PA        3053717999          T-821  P0002/0005 F-732

*Lorentz v. Sunshine Health, et al.*
CASE NO.: 09-CIV-61529-MORENO/TORRES
PAGE 2 OF 5

I HEREBY CERTIFY that a true copy of the foregoing was provided, via ☑ First

Class U.S. Mail, ☑ facsimile transmission, and/or ☐ hand-delivery, to all parties on the

attached service list this 24th day of May, 2010.

**JOHN B. OSTROW, PA**
Counsel for Plaintiff
Courthouse Tower, Suite 1250
44 West Flagler Street
Miami, Florida 33130
Telephone:  (305) 358-1496
Facsimile:  (305) 371-7999

By: _____
JOHN B. OSTROW
Florida Bar Number: 124324
STEPHEN A. OSTROW
Florida Bar Number: 182338
MORGAN P. OSTROW
Florida Bar Number: 70188

05-24-'10 16:28 FROM-John B. Ostrow PA      3053717999          T-821  P0003/0005 F-732

3. Cathrin Lorentz objects to this Interrogatory, as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.   Moreover, this interrogatory is overly burdensome. Notwithstanding the prior objections, Plaintiff has not received income from any source unrelated to her career as a model.

4. Cathrin Lorentz objects to this Interrogatory, as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.   Moreover, this interrogatory is overly burdensome. Notwithstanding the prior objections, Plaintiff has worked with Peter Hall. Plaintiff has also worked with a photographer named Joachim, who is Swedish and worked in Stockholm, Sweden. Plaintiff worked with a photographer named Marco who is Italian and worked in Milan, Italy. Plaintiff worked with a photographer named Christian who was French and worked in Monaco, France. Plaintiff also worked with a photographer named Frode, who lived and worked in Norway.

5. Cathrin Lorentz objects to this Interrogatory, as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.   Moreover, this interrogatory is overly burdensome. Plaintiff has been a model since childhood and certainly cannot recall every modeling project she has worked on during her career. This interrogatory is not limited in time and is thus too broad. Notwithstanding the prior objections, some of Plaintiff's modeling jobs have included a visa commercial in 1994 in Bergen, Norway. Travel documentaries, on Danish TV, promoting LESØ.   In 2001/2002, Plaintiff did ads on Swedish TV for a Spa Hotel, she cannot recall the name. Plaintiff has had modeling jobs appearing in all Newspapers and Magazines in Norway. Plaintiff has modeled for Scooter magazine, Shape Up Magazine in 2003 Plaintiff cannot recall all the modeling projects she has been involved with as she has been a model since early childhood.

6. Cathrin Lorentz objects to this Interrogatory, as it seeks information that is neither material, necessary, nor relevant to this litigation. This

05-24-'10 16:29 FROM-John B. Ostrow PA      3053717999      T-821  P0004/0005 F-732

interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.    Moreover, this interrogatory is overly burdensome. Notwithstanding the above objections, Plaintiff did a shoot for Shape Up magazine in 2003 (she cannot remember the specifics requested).

7. Cathrin Lorentz objects to this Interrogatory, as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.    Moreover, this interrogatory is overly burdensome. Notwithstanding the prior objections, Plaintiff used FACE MODELS, Jay Bernstein, her photographers (including those listed in response to interrogatory 4), and word of mouth. Plaintiff cannot recall and has no record of each job, how the job was referred to her, which jobs were procured through any given person, company or publication, and how much revenue was received for each of those jobs.

9. Cathrin Lorentz stopped maintaining, using and updating the website and it was closed by the web company as a result. Cathrin Lorentz does not recall the specific date that she ceased involvement with the site.    Erik Von Holm, Plaintiffs webmaster, had independently maintained the site while it was active. Plaintiff doesn't recall making an actual concrete decision to discontinue the maintenance of her website. Plaintiff was never active with her site to begin with. Plaintiff assumes that the website was shut down when the site was no longer being paid for and cannot remember the date.

12. Cathrin Lorentz objects to this Interrogatory, as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.    Moreover, this interrogatory is overly burdensome. Notwithstanding the prior objections, Plaintiff solicited work through photographers, agents and agencies she had been in contact with through her modeling career.

16. Cathrin Lorentz objects to this Interrogatory, as it seeks information that is neither material, necessary, nor relevant to this litigation. This interrogatory is not reasonably calculated to lead to the discovery of

05-24-'10 16:29 FROM-John B. Ostrow PA          3053717999          T-821  P0005/0005 F-732

*Lorentz v. Sunshine Health, et al.*
CASE NO.: 09-CIV-61529-MORENO/TORRES
PAGE 5 OF 5

admissible evidence. Whether Plaintiff has or has not had interest in a business entity has absolutely no relevance to this litigation. Plaintiff has brought suit on her own behalf, as an individual, not on behalf of a business. Whether Plaintiff has or has not had interest in a business entity has no weight on issues relating to this case. Notwithstanding the above objections, Plaintiff has not held any ownership interest in a business entity.

# EXHIBIT "E"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-civ-61529-Moreno/Torres

CATHRIN LORENTZ

          Plaintiff,

v.

SUNSHINE HEALTH PRODUCTS, INC.,
a Florida Corporation, and CATHIE RHAMES

          Defendants.

_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL BETTER RESPONSES TO CATHIE RHAMES' MARCH 26, 2010 INTERROGATORIES AND MOTION FOR SANCTIONS

Defendants, SUNSHINE HEALTH PRODUCTS, INC. ("Sunshine"), a Florida corporation, and CATHIE RHAMES ("Rhames"), hereinafter collectively "Defendants," hereby file their reply to Plaintiff's response to Defendants' Motion to Compel Better Responses to Cathie Rhames' March 26, 2010 Interrogatories and Motion for Sanctions [D.E. 114] and state as follows:

In Plaintiff's response to Defendants' Motion to Compel [D.E. 106] (the "Motion"), she asserts that since she filed supplemental responses prior to the filing of the Motion, that the Motion was unnecessary. She also states that since Plaintiff filed her second set of supplemental responses subsequent to the Motion being filed, that the Motion should be withdrawn. Had Plaintiff properly objected and/or provided complete answers, she would be correct. However, that is not the case. As set forth in the Motion, generally, Defendants' issue with a majority, if not all, of Plaintiff's responses was that Plaintiff did not state her objections with any specificity

whatsoever as required by the Rules of Civil Procedure, and/or provide complete answers to the interrogatories. Even though Defendants notified Plaintiff of her failure to provide objections with specificity and/or fully respond to the interrogatories via correspondence from Defendants' counsel and in the Motion, Plaintiff has still not remedied the situation despite three separate attempts to respond to the interrogatories. In her second supplemental response (which is attached and incorporated by reference hereto at **Exhibit "A"**) Plaintiff failed to provide any specific objections to Ms. Rhames' interrogatories. However, in Plaintiff's response to the Motion, she states self-servingly that "Plaintiff has stated valid objections to these interrogatories." As usual, Plaintiff does not support this statement with any legal basis.

Moreover, in Plaintiff's first and second supplemental responses, almost all of the responses provided were preceded by "Notwithstanding the prior objections..." However this is yet another instance where Plaintiff is attempting to skirt the Federal Rules of Civil Procedure. Plaintiff can not object, and then assert an answer purporting to be a complete response to the interrogatory, without waiving the objective. "[A] responding party is given only two choices: to answer or to object. Objecting but answering subject to the objection is not one of the allowed choices." *Mann v. Island Resorts Development, Inc.*, 2009 WL 6409113 at *4 (N.D. Fla.2009). In light of the plaintiff's responses in *Mann*, the Court held that the plaintiff was required to provide amended responses to interrogatories which did not refer to any previous response and would completely replace any prior responses. *Id.* Additionally, the Court held that each interrogatory should be answered, under oath, unless objected to in good faith and in compliance with Fed.R.Civ.P. 33. *Id.* In the instant case, Plaintiff has still failed to provide an executed jurat page evidencing that her responses are, in fact, true and correct. This does not comply with

Fed.R.Civ.P. 33. *See Mann v. Island Resorts Development, Inc.*, 2009 WL 6409113 * 3 (N.D. Fla.2009).

Throughout her response to the Motion, Plaintiff stated that she has answered the interrogatories to the best of her ability. Further, in what purport to be complete responses, Plaintiff provided vague and incomplete responses along with improper objections in her initial response, first supplemental response and second supplemental responses which will be addressed below. As noted in the Motion, the onus is on the party resisting discovery to demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome. *See* Fed.R.Civ.P. 33(b)(4); *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir.1985); *Chubb Integrated Sys. Ltd. v. National Bank of Washington,* 103 F.R.D. 52, 59-60 (D.D.C.1984). Furthermore, the objection that this interrogatory is "overly burdensome" does not comply with Local Rule 26.1(g)(3)(A), which provides that any objection, regardless of the ground for the objection, shall be stated with specificity. The Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida and prevailing case law require that any party making an objection to a discovery request must state with specificity all grounds for the objection. *See* S.D. L.R. 26.1(g)(3)(A) and Fed.R.Civ.P. 33(b)(4). As such, the objection that this interrogatory is "overly burdensome" is improper and should be overruled. An objection that a discovery request is harassing, unduly burdensome or irrelevant, standing alone, is meaningless and fails to comply with the Local and Federal Rules. *See Bank of Magnolia v. M & P Global Financial Services, Inc.*, 268 F.R.D. 514, 519 (S.D. Fla. 2009).

**Interrogatory Number 2:**

In her response to the Motion regarding this interrogatory, Plaintiff continues to engage in her "because I said so" argument. Aside from failing to state valid objections, which Plaintiff

3

contends she does, Plaintiff argues that the money she earned in her modeling career is not material to this case. Plaintiff did not cite a single case to support this proposition (or throughout her response) despite Defendants' citation to case law that support the argument that her income is, in fact, relevant and material.  Furthermore, Plaintiff says that she cannot recall the income she made as a model. Plaintiff somehow attributes moving from place to place as a valid basis for not providing a response to this interrogatory.  It is neither rational nor plausible for a self described "international model" to have no record or recollection of the income she earned throughout her entire career. Plaintiff should be ordered to provide a complete response, under oath, to this interrogatory. At a minimum, Plaintiff's income (or absence thereof) is relevant to establish a value (or absence thereof) attributable to Plaintiff's photographs. Moreover, the disposal of all documents (e.g. model releases, contracts or evidence of any payments, correspondence) belies Plaintiff's contention that her photographs have any meaningful value.

**Interrogatory Number 3:**

As noted, *supra*, Plaintiff has both objected and then responded to the interrogatory. Therefore, like the responding party in *Mann*, Plaintiff should be ordered to provide a new and valid response to this interrogatory so that it is clear what her response is.

**Interrogatory Number 4:**

With regard to interrogatory number 4, which requests the identity of all photographers Plaintiff worked with, Plaintiff provided a response that included information that she "worked with a photographer named Joachim, who is Swedish..." that she "worked with a photographer named Marco who is Italian and worked in Milan, Italy.  Plaintiff worked with a photographer named Christian who was French..." and "also worked with a photographer named Frode, who lived and worked in Norway." (see **Exhibit "A"** at number 4). If Plaintiff is not required to give

4

a more complete and less vague answer, this Court should preclude her from offering or referring to any evidence referencing the people mentioned in this response, the work product such people created and any use of such work product.

**Interrogatory Number 5:**

As noted, *supra*, Plaintiff has both objected and then responded to the interrogatory. Therefore, like the responding party in *Mann*, Plaintiff should be ordered to provide a new and valid response to this interrogatory so that it is clear what her response is.

**Interrogatory Number 6:**

With regard to Plaintiff's supplemental responses to interrogatory no. 6 and response to the Motion, Plaintiff says that the details of each modeling job are not relevant to the underlying cause of action.  However, Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Evidence of Plaintiff's modeling work is highly relevant to the subject matter of the pending litigation as the amount of work she has done, and the level of skill and/or fame of any photographers she has worked with, is likely to bear on the value of her images and the amount of compensation she can demand. Evidence pertaining to her modeling career and other work Plaintiff has done being sought in this interrogatory clearly bear on, and reasonably could lead to other matters that bear on, any issue that is or may be in this case. *Oppenheimer Fund v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (citing *Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). There is no doubt that the details of Plaintiff's modeling work since 2003 are necessary, material and relevant to the subject matter of the pending litigation and reasonably calculated to lead to the discovery of admissible evidence. The

fame and prevalence of Plaintiff's pictures, or absence thereof, goes to the heart of the damages Plaintiff is able to obtain should Defendants be found liable. *Id.*

### Interrogatory Number 7:

As noted, *supra*, Plaintiff has both objected and then responded to the interrogatory. Therefore, like the responding party in *Mann*, Plaintiff should be ordered to provide a new and valid response to this interrogatory so that it is clear what her response is.  Furthermore, while Plaintiff states that she cannot recall any record of her past work as a model, she has made no affirmative statement that she attempted to obtain the information regarding same.  If Plaintiff is actually a model as she alleges, it is entirely implausible to state or imply that Plaintiff has no documents nor the ability to obtain doucments which she could use to help her respond to this interrogatory.

### Interrogatory Number 8:

As noted, *supra*, Plaintiff has both objected and then responded to the interrogatory. Therefore, like the responding party in *Mann*, Plaintiff should be ordered to provide a new and valid response to this interrogatory so that it is clear what her response is.  Furthermore, Plaintiff states that most inquiries were received by Erik Von Holm, her webmaster.  However, if Plaintiff obtained any inquiries from her website via Mr. Von Holm, she should be in a position to obtain these documents in order to respond to this interrogatory. Or, alternatively, Plaintiff should be required to state, under oath, that none of these documents exist.

### Interrogatory Number 12:

As noted, *supra*, Plaintiff has both objected and then responded to the interrogatory. Therefore, like the responding party in *Mann*, Plaintiff should be ordered to provide a new and valid response to this interrogatory so that it is clear what her response is. Further, Plaintiff did

not provide any details regarding the agents and modeling agencies she used to solicit work. To the extent that Plaintiff actually did answer this interrogatory, she clearly did not fully respond as required by Fed.R.Civ. P. 33.

**Interrogatory Number 16:**

As noted, *supra*, Plaintiff has both objected and then responded to the interrogatory. Therefore, like the responding party in *Mann*, Plaintiff should be ordered to provide a new and valid response to this interrogatory so that it is clear what her response is.

Respectfully submitted on June 11, 2010.

/s/Kevin P. Crosby
Kevin P. Crosby, Esq.
Florida Bar No. 654360
Evan D. Appell, Esq.
Florida Bar No. 58146
GRAYROBINSON, P.A.
401 East Las Olas Blvd, Suite 1850
Fort Lauderdale, FL 33301
Telephone: 954-761-8111
Facsimile: 954-761-8112
Counsel for Defendants
Sunshine Health Products, Inc. and
Cathie Rhames

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2010, I electronically filed this Reply in Response to Defendants' Motion to Compel Discovery and Motion for Sanctions using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

/s/Kevin P. Crosby
Kevin P. Crosby, Esq.

7

## SERVICE LIST

John Bruce Ostrow, Esq.
Stephen Asher Ostrow, Esq.
John B. Ostrow, P.A.
Courthouse Tower
44 West Flagler Street
Suite 1250
Miami, FL 33130
Phone; 305-358-1496
Fax: 305-371-7999
jbostrow@bellsouth.net
stphnostrow@yahoo.com
Attorney for Plaintiff

\825403\2 - # 696352 v1