**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 09-61529-CIV-MORENO/TORRES

CATHRIN LORENTZ,

        Plaintiff,

v.

SUNSHINE HEALTH PRODUCTS,
INC., a Florida corporation, and
CATHIE RHAMES,

        Defendants.

_____/

**<u>ORDER</u>**

This matter is before the Court on yet another series of discovery motions in the case, which have been referred by the District Judge and are ripe for disposition, including motions for reconsideration that have been filed on earlier Orders entered by this Court.   The Court has reviewed the motions, responses, replies if any, and the record in the case.

Although not exclusively, the primary issue raised in these discovery motions relates to the parties' failures to comply with the Court's scheduling orders and the Rules of the Court, specifically relating to the expert disclosures in the case.  An earlier motion to add a Plaintiff's expert after the deadline for doing so was denied [D.E. 150] because no good cause was shown why such a primary expert (as opposed to merely a rebuttal expert) was not disclosed long ago.  Though that still remains the case even to this date (a motion for reconsideration/appeal later), Plaintiff now informs us that

Defendants have still failed to serve their own expert disclosures relating to expert witnesses identified in very cursory pretrial disclosures served on the eve of the discovery cutoff (June 14, 2010). [D.E. 169]. Plaintiff, consequently, moves to strike Defendants' expert. Defendant concedes that no expert report has yet been served, contrary to the express requirements of Fed. R. Civ. P. 26 and S.D. Fla. Local R. 16.1.K, purportedly because it was apparently difficult or impossible to do given Plaintiff's late discovery production.

The Court's review of the Scheduling Orders and the Rules that govern this case show, however, that there is no provision contained therein that excuse a party's untimely or incomplete disclosures simply because the other side has been difficult or lacking in its own discovery obligations. Once an expert is retained and the discovery cutoff is imminent, a complete expert report *must* be served absent agreement to the contrary. And as Plaintiff correctly points out, the failure to comply with this Rule may result in the Court striking the expert. Defendants' response is highly unpersuasive in its explanation for why no report was produced in this case, notwithstanding any failures of the Plaintiff, *especially* given the fact that Plaintiff had received an Order from this Court that made it clear it intended to strictly enforce the Court's deadlines.

So the net result here is that the parties appear to be operating, for some reason, on the compliance-when-convenient principle at least with regard to the expert disclosure deadlines in this case. Faced with this problem, the Court could strike all the parties' experts, which would have the additional benefit of shortening the time

needed for trial.  On the other hand, given the fact that the trial date has been continued to November, that sanction is likely too extreme, as the cases cited in Defendants' response point out.  On the other hand, Defendants cannot benefit from this Court's strict enforcement of the Court's deadlines, at Plaintiff's expense, now that Defendants are asking for leniency from the Court when it comes to their own inability to comply with those deadlines.  The Court has ample reason, therefore, to amend its earlier Orders to address the problems raised by both parties' untimely disclosures.

Accordingly, to address these and other matters, it is hereby **ORDERED AND ADJUDGED**:

1.      Plaintiff's Motion for Reconsideration [D.E. 138] re Order on Motion to Compel [D.E. 131] is **GRANTED**.  Upon the Court's review of the revised supplemental disclosures relating to the Plaintiff's identification of photographers (interrogatory no.4) that were provided following the entry of the Court's Order on the motion to compel, the information provided is more complete and better satisfies the requirements of Fed. R. Civ. P. 33.  Accordingly, the exclusion of testimony referenced in the Court's Order on the motion to compel [D.E. 131] is not necessarily required under Rule 37 given the better answer provided.  To the extent that Defendants may argue that any particular witness called at trial was not properly disclosed notwithstanding the revised supplemental responses, Defendants can certainly raise that argument at trial.  A blanket exclusion Order under Rule 37 is now premature and shall therefore be VACATED.

2.      Plaintiff's Motion to Amend Scheduling Order to Include Extension for Expert Disclosures [D.E. 161] is **GRANTED**.  The parties shall serve complete expert disclosures that fully and completely comply with Fed. R. Civ. P. 26(a)(2) no later than August 20, 2010.  Any expert not disclosed therein shall be excluded at trial.  If an expert report is incomplete and fails to comply with this Order or the Rule, that expert in question shall be excluded under Rules 16 and 37.

3.      Plaintiff's Motion to Strike Defendants' Expert Witness and Expert Witness Report or Alternative Motion to Compel [D.E. 169] is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's request that the expert witness at issue be stricken seeks a remedy that is draconian under the circumstances under Rule 37. Instead, the Court will grant the alternative request for an Order compelling a complete expert report, as provided above, no later than August 20, 2010.  The Court will also modify its earlier Order on Plaintiff's own expert witness.

4.      Plaintiff's Motion for Reconsideration/Appeal [D.E. 157] regarding the Order denying Motion to Add Expert [D.E. 150] is **GRANTED**.  The Court's Order denying the motion to add the expert is VACATED. The Motion shall now be Granted given that the Court has opted not to strike Defendants' expert due to untimely disclosure.  Plaintiff may call the proffered expert in its case in chief or as a rebuttal expert.  Plaintiff, however, must strictly comply with the requirements and deadline set forth in this Order for compliance with Rule 26(a)(2).

5.      Plaintiff's Motion for Hearing Regarding Appeal/Motion for Reconsideration of June 21, 2010 Order [D.E. 176] is **DENIED AS MOOT**.

6.    Defendants' Motion for Leave to File Excess Pages for reply [D.E. 179] is

**GRANTED**.

7.    Defendants' Unopposed Motion for Extension of Time to Respond to

Appeal/Motion for Reconsideration [D.E. 183] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 9th day of August,

2010.


                                          */s/ Edwin G. Torres*
                                          EDWIN G. TORRES
                                          United States Magistrate Judge