UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-CIV-61529-MORENO/TORRES

CATHRIN LORENTZ,

    Plaintiff,

vs.

SUNSHINE HEALTH PRODUCTS, INC., a Florida corporation, and CATHIE RHAMES,

    Defendants.

_____/

**PLAINTIFF's MOTION TO COMPEL COMPLIANCE WITH F.R.C.P.26 OR, IN THE ALTERNATIVE, TO STRIKE THE DEFENDANTS' EXPERT and HIS REPORT**

**COMES NOW,** the Plaintiff, CATHRIN LORENTZ, by and through undersigned counsel, hereby files this Motion to Compel Compliance with F.R.C.P. 26 or, in the alternative, to strike the Defendants' expert and his report, and states as follows:

1. On August 26, 2010, Plaintiff served Defense Expert, Jeff Sedlik, with a subpoena duces tecum without deposition requesting the production of the following documents:

    1) Copy of all correspondence including electronic correspondence between you and the defendants.
    2) Copy of all correspondence between you and the defense counsel.
    3) All versions of report prior to the version produced to Plaintiff.
    4) Copy of all notes including electronic notes of conversations with all witnesses including defendants.
    5) Copy of all notes including electronic notes of all conversations with defense counsel.
    6) All billing and time records for the within matter.
    7) All reports written in the past five (5) years.
    8) List of all cases participated in within the past ten (10) years as a witness and as

    a party.
9) Names and addresses of all lawyers for whom you consulted in the past five (5) years.

On September 8, 2001, Defense counsel sent a letter to the undersigned stating that Mr. Sedlik would be charging the Plaintiff a total of $9,450.00 to respond to Plaintiff's subpoena.[1]

2. On September 10, 2010 undersigned notified Defense counsel that numbers 1, 2, 4, & 5 on the attached subpoena requested documents containing facts and data considered by the expert in writing his report. As such, these documents should have already been produced pursuant to FRCP 26 (a)(2)(B), which requests, among other things, that an expert report must contain "the data or other information considered by the witness in forming" his opinions. The undersigned also notified Defense counsel that request numbers 3 & 6 should be produced to the undersigned at a reasonable fee and that numbers 7, 8 & 9 need not be answered.

3. Defense Counsel responded on September 20, 2010 arguing that Mr. Sedlik was not required to produce the documents requested by the undersigned as he already provided a list of documents considered in forming his opinion. However, just because Mr. Sedlik provided a list of documents considered in forming his opinion, does not mean that he provided EVERY document considered in forming his opinion. Surely, Mr. Sedlik considered correspondence with the defendants and defense counsel, notes taken of conversations he had with witnesses as well as notes on

---

[1] The Defendants have offered a 5% discount on Mr. Sedlik's hourly fees, but not on his staff's fees. This would still cost the Plaintiff upwards of $9,000.00 for the documents requested.

conversations with defense counsel, in forming his opinion. While he may not have incorporated all of the information requested into his report, he had the information and made a conscious decision whether or not to use it. Also, he must have considered instructions and taken some direction from defendants and counsel in writing his report. Mr. Sedlik has not produced notes of conversations with witnesses as part of his expert report, yet, he blatantly refers to multiple conversations with different witnesses as part of his opinions. How can the undersigned understand the full scope of these conversations and basis for his expert opinions, without receiving **all** supporting and corroborating information? Defense counsel is declining to acknowledge that notes from these conversations were considered in forming the expert opinion and should have been provided pursuant to F.R.C.P. 26. Both the defense counsel and Mr. Sedlik are refusing to produce documents that should have been provided pursuant to F.R.C.P. 26.

4. Defense counsel argues that under F.R.C.P. 26(b)(4)(c), Plaintiff is required to pay Mr. Sedlik a fee for responding to discovery. F.R.C.P. 26(b)(4)(c) states that Plaintiff may be required to "pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B)." Rule 26(b)(4)(A) states that "a party may depose any person who has been identified as an expert whose opinions may be presented at trial." Rule 26(b)(4)(B) states that "Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial."

Plaintiff is not seeking the production of documents in accordance with either FRCP 26(b)(4)(A) or FRCP 26(b)(4)(B). Rather, Plaintiff is requesting documents, the majority of which, are directly associated with opinions expressed in Mr. Sedlik's' report and should have been provided as part thereof.

5. As for the documents not considered in writing his report, namely requests number 3 & 6, Plaintiff requests that the court require Mr. Sedlik to charge a *reasonable* fee as required by FRCP 26. Mr. Sedlik is attempting to charge the Plaintiff $650 an hour for his work, $200 an hour for his staff's work, as well as $1 per printed page. He is estimating six to nine hours of work on his behalf and three to four hours of work on his staffs' behalf! This is an excessive amount of money to be charged by an expert responding to a subpoena for documents he possesses, and is far from reasonable. The average copying fee incurred by the undersigned in the normal course of business is $0.10 per page. Mr. Sedlik is charging 10 times the average copying costs charged by commercial copy services.

6. To begin with, the Defendants expert report was extremely delinquent. The Defendants disclosed their expert witness on June 8, 2010. The Defendants moved for an extension of the discovery deadline in order to conduct expert witness discovery. The court granted this extension, setting the deadline for expert witness discovery at August 14, 2010. On July 29, 2010, the Plaintiff had to file a motion for Defendants compliance with FRCP 26, as the Defendants refused to provide an expert report despite the requirements of the Federal Rules or the pending discovery deadline. It wasn't until August 20, 2010 that the Defendants provided an expert report, nearly

three months after their disclosure. Now, the Defense expert is attempting to charge the undersigned thousands of dollars to provide documents, the majority of which should have been provided with his report!

7. Moreover, "Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or the witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." <u>Managed Care Solutions, Inc. v. Essent Healthcare,...,</u> 2010 U.S. Dist. LEXIS 54148 (S.D. Fla. 20100) (citing Fed. R. Civ. P. 37(c)(1)). "'[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'" <u>Managed Care Solutions, Inc.</u> 2010 U.S. Dist. LEXIS 54148 (citing <u>Dyett</u>, 2004 U.S. Dist. LEXIS 30473, 2004 WL 5320630 at *2 (quoting *Salgado,* 105 F.3d at 742). The Defendants have failed to provide certain information which support the conclusions reached in Mr. Sedlik's report, in complete violation of Rule 26 and Rule 37. If they refuse to provide such information, the Defendants' expert report should be stricken. The Eleventh Circuit has recognized that "[b]ecause the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise … compliance with the requirements of Rule 26 is not merely aspirational." <u>Cooper v. Southern Co.</u>, 390 F.3d 695, 728 (11th Cir. 2004), *overruled on other grounds by Ash v. Tyson Foods, Inc.,* 546 U.S 454, 457-58, 126 S. Ct. 1195, 163 L. Ed. 2d 1053 (2006) (internal citation omitted) (affirming the district court's decision to exclude an expert witness' declaration for the parties's failure to provide

the defendants with an expert report); see Reese v. Herbert, 527 F.3d 1253, 1266 (11th Cir. 2008) (affirming district court's exclusion of an expert's affidavit for the party's failure to comply with expert disclosure requirements).

8. Plaintiff asks that Defendant be required to comply with Fed.R.Civ.P. 26 by furnishing all the requested data and information used by Mr. Sedlik in arriving at his expert opinions, namely the information and documentation discussed above. As to the documents requested in the subpoena which were not considered by Mr. Sedlik in forming his report, the Plaintiff asks that the court set a reasonable fee, as his current fees are extremely unreasonable and burdensome. The materials requested are clearly kept in the normal course of Mr. Sedlik's business and should be easily and quickly accessible in less than one hour.  Should the Defendants' fail to do so, Plaintiff requests the court to enter an order striking Defendants' expert witness and his report.

**WHEREFORE**, Plaintiff, CATHRIN LORENTZ, respectfully requests this Honorable Court to enter an Order Compelling Defendants' Compliance with F.R.C.P. 26 or, in the alternative, to strike the Defendants' expert and his report, and states as follows.

### CERTIFICATE OF COUNSEL

JOHN B. OSTROW, Counsel for Plaintiff, pursuant to Local Rule 26.1(I) and 7.1.A.3(a) of the Local Rules for the Southern District of Florida, hereby certifies that he has conferred or attempted to confer with Defendants' counsel in a good faith effort to resolve the issues raised in Plaintiff's Motion.

Respectfully submitted,

**JOHN B. OSTROW, PA**

By: /s/ John B. Ostrow
    JOHN B. OSTROW
    Florida Bar Number: 124324
    STEPHEN A. OSTROW
    Florida Bar Number: 182338
    MORGAN P. OSTROW
    Florida Bar Number: 70188

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel on the attached service list this 22nd day of September, 2010.

**JOHN B. OSTROW, PA**
Counsel for Plaintiff
Courthouse Tower, Suite 1250
44 West Flagler Street
Miami, Florida 33130
Telephone: (305) 358-1496
Facsimile: (305) 371-7999

By: /s/ John B. Ostrow
    JOHN B. OSTROW
    Florida Bar Number: 124324
    STEPHEN A. OSTROW
    Florida Bar Number: 182338
    MORGAN P. OSTROW
    Florida Bar Number: 70188

*Lorentz v. Sunshine Health, et al.*
CASE NO.: 09-CIV-61529-MORENO/TORRES
PAGE 8 OF 8

## SERVICE LIST

*Counsel for Defendants*
Kevin P. Crosby, Esq.
Evan D. Appell, Esq.
Jeffrey T. Kuntz, Esq.
**GRAY ROBINSON PA**
401 East Las Olas Boulevard
Suite 1850
Fort Lauderdale, Florida 33301
954-761-8111 – TEL
954-761-8112 – FAX

# GRAY|ROBINSON
### ATTORNEYS AT LAW

SUITE 1850
401 EAST LAS OLAS BLVD. (33301)
POST OFFICE BOX 2328
FORT LAUDERDALE, FL 33303-9998
TEL 954-761-8111
FAX 954-761-8112
gray-robinson.com

FORT LAUDERDALE
JACKSONVILLE
KEY WEST
LAKELAND
MELBOURNE
MIAMI
NAPLES
ORLANDO
TALLAHASSEE
TAMPA

954-761-8111

EVAN.APPELL@GRAY-ROBINSON.COM

September 8, 2010

**VIA FACSIMILE**

Morgan P. Ostrow
JOHN B. OSTROW, PA
Courthouse Tower
44 West Flagler Street
Suite 1250
Miami, FL 33130

      RE: *Cathrin Lorentz vs. Sunshine Health Products et. al.*
            Case No. 09-61529
            Our File No. 825403-2

Dear Morgan:

      Prof. Sedlik is in receipt of your subpoena duces tecum. He has asked that we provide the following information to you regarding his production of documents responsive to same. He estimates that it will take 6-9 hours of his time (up to $5850), and 3-4 hours of staff time (up to $600), for a maximum of $6450 in fees, plus 1000-3000 printed pages at $1 per page (up to $3000) to put together all of the responsive documents. This totals $9,450. He said you may take a 5% discount on his hourly fee (but not his staff fees or expenses), as long as the invoice is paid with 10 days of receipt.

      To avoid any misunderstandings, before commencing this work, Prof. Sedlik will require express written confirmation from your office acknowledging and agreeing to pay the above fees and expenses, which are billed at the exact rates specified in his engagement letter to the Defendants and referenced in his expert report. These items will be sent to your office from Prof. Sedlik by UPS with a C.O.D bill requiring payment of fees, expenses and shipping to the UPS delivery person, in order to take delivery.

      A complete response to the subpoena would require that Prof. Sedlik deliver copies of thousands of additional pages of documents produced/filed by Plaintiff and Defendants in this case. Prof. Sedlik's estimate above assumes that your office will not require that he produce copies of any document filed with the court. If this is incorrect, then Prof. Sedlik will need to revise the above estimate to increase the fees and expenses required.

**GRAYROBINSON**
PROFESSIONAL ASSOCIATION

Morgan Ostrow
September 8, 2010
Page 2

Sincerely,

Evan D. Appell

# 778052 v1

# FAX TRANSMISSION

## GRAY|ROBINSON
### ATTORNEYS AT LAW

401 EAST LAS OLAS BLVD. SUITE 1850
FORT LAUDERDALE, FL 33301
PHONE: 954-761-8111
FAX: 954-761-8112

| | | |
|---|---|---|
| **Date:** September 8, 2010 | **Client-Matter Number:** 825403-2 | |
| **To:** Morgan Ostrow<br>John B. Ostrow, P.A. | **Fax No.:** 305-371-7999 | **Phone No.:** 305-358-1496 |
| **From:** Evan Appell | **Phone:** 954-761-8111 | |
| **Subject:** Lorentz vs. Sunshine – Case No. 09-61529 | | |

**Number of Pages with Cover Page: 3**

**Message:**

Please see attached. Thank you.

This facsimile message contains legally privileged and confidential information intended only for the individual or entity named above. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please immediately notify us by telephone and return the original message to us at the address above via the U.S. Postal service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL AS SOON AS POSSIBLE.**
# 577370 V1

LAW OFFICES
# John B. Ostrow
PROFESSIONAL ASSOCIATION

COURTHOUSE TOWER
44 WEST FLAGLER STREET
SUITE 1250
MIAMI, FLORIDA 33130

JOHN B. OSTROW
STEPHEN A. OSTROW
MORGAN P. OSTROW

OF COUNSEL
KAREN A. GIEVERS

TELEPHONE 305-358-1496
FACSIMILE 305-371-7999
EMAIL jbostrow@johnbostrow.com
WEBSITE www.johnbostrow.com

September 10, 2010

<u>Sent Via US Mail and Facsimile 954-761-8112</u>
Mr. Evan D. Appell
**GRAY ROBINSON PA**
401 East Las Olas Boulevard
Suite 1850
Fort Lauderdale, Florida 33301

Re: <u>*Lorentz v. Sunshine, et al.*</u>

Dear Mr. Appell:

I am receipt of your letter dated September 8, 2010 regarding the Subpoena of documents from Mr. Sedlik. Pursuant to FRCP 26, expert reports must contain all facts or data considered by the expert in forming his or her opinions. Numbers 1, 2, 4, & 5 of the subpoena request documents containing facts and data considered by the expert in writing his report. As such, these documents should have already been produced pursuant to FRCP 26. Should Mr. Sedlik refuse to provide such documents in contravention of Rule 26, we will have no choice but to seek the courts intervention in the matter.

As far as numbers 7, 8 & 9, we will request that Mr. Sedlik not produce documents responsive to these requests.

For number 3 & 6, "All versions of report prior to the version produced to plaintiff" & "All billing and time records for the within matter," we would like Mr. Sedlik to produce such documents to us. We believe that documents responsive to these two requests should be readily accessible to Mr. Sedlik and expect that he will request a reasonable fee for his time in compiling these responses.

Very truly yours,

JOHN B. OSTROW, P.A.

*[signature]*

MORGAN P. OSTROW

MEMORY TRANSMISSION REPORT

|  |  |
|---|---|
| TIME | : 09-10-'10 13:44 |
| FAX NO.1 | : 3053717999 |
| NAME | : John B. Ostrow PA |

|  |  |
|---|---|
| FILE NO. | : 598 |
| DATE | : 09.10 13:43 |
| TO | : ☎19547618112 |
| DOCUMENT PAGES | : 1 |
| START TIME | : 09.10 13:43 |
| END TIME | : 09.10 13:44 |
| PAGES SENT | : 1 |
| STATUS | : OK |

\*\*\*   SUCCESSFUL TX NOTICE   \*\*\*

LAW OFFICES
**John B. Ostrow**
PROFESSIONAL ASSOCIATION
COURTHOUSE TOWER
44 WEST FLAGLER STREET
SUITE 1250
MIAMI, FLORIDA 33130

JOHN B. OSTROW
STEPHEN A. OSTROW
MORGAN P. OSTROW

OF COUNSEL
KAREN A. GIEVERS

TELEPHONE 305-358-1496
FACSIMILE 305-371-7999
EMAIL jbostrow@johnbostrow.com
WEBSITE www.johnbostrow.com

September 10, 2010

**Sent Via US Mail and Facsimile 954-761-8112**
Mr. Evan D. Appell
**GRAY ROBINSON PA**
401 East Las Olas Boulevard
Suite 1850
Fort Lauderdale, Florida 33301

Re:   *Lorentz v. Sunshine, et al.*

Dear Mr. Appell:

I am receipt of your letter dated September 8, 2010 regarding the Subpoena of documents from Mr. Sedlik. Pursuant to FRCP 26, expert reports must contain all facts or data considered by the expert in forming his or her opinions. Numbers 1, 2, 4, & 5 of the subpoena request documents containing facts and data considered by the expert in writing his report. As such, these documents should have already been produced pursuant to FRCP 26. Should Mr. Sedlik refuse to provide such documents in contravention of Rule 26, we will have no choice but to seek the courts intervention in the matter.

As far as numbers 7, 8 & 9, we will request that Mr. Sedlik not produce documents responsive to these requests.

For number 3 & 6, "All versions of report prior to the version produced to plaintiff" & "All billing and time records for the within matter," we would like Mr. Sedlik to produce such documents to us. We believe that documents responsive to these two requests should be readily accessible to Mr. Sedlik and expect that he will request a reasonable fee for his time in compiling these responses.

Very truly yours,

JOHN B. OSTROW, P.A.

MORGAN P. OSTROW

# GRAY|ROBINSON
ATTORNEYS AT LAW

SUITE 1850
401 EAST LAS OLAS BLVD. (33301)
POST OFFICE BOX 2328
FORT LAUDERDALE, FL 33303-9998
TEL 954-761-8111
FAX 954-761-8112
gray-robinson.com

FORT LAUDERDALE
JACKSONVILLE
KEY WEST
LAKELAND
MELBOURNE
MIAMI
NAPLES
ORLANDO
TALLAHASSEE
TAMPA

954-761-8111
EVAN.APPELL@GRAY-ROBINSON.COM

September 20, 2010

John Bruce Ostrow
JOHN B. OSTROW, PA
Courthouse Tower
44 West Flagler Street, Suite 1250
Miami, FL 33130

RE:   Cathrin Lorentz vs. Sunshine Health Products et al
      Case No. 09-61529
      Our File No. 825403-2

Dear John:

We have the following reply to your September 10, 2010 letter regarding the production of documents responsive to your subpoena to Prof. Sedlik.

Prof. Sedlik is entitled to be compensated by your client for the time required to comply with the subpoena under FRCP 26.

You are incorrect in your statement that copies of the following materials "should already have already been produced pursuant to FRCP 26:"

- Correspondence with the defendants
- Correspondence with defense counsel
- All notes of conversations with all witnesses including defendants
- Notes of conversations with defense counsel

Under FRCP 26(a)(2)(B)(ii), Prof. Sedlik's report must include *"the DATA or OTHER INFORMATION considered by the witness in forming"* his opinions (emphasis added). Contrary to your assertion, while his communications with defendants, counsel and witnesses may be discoverable, there is no requirement that his *report* include copies of such communications or that he otherwise produce those things absent a subpoena.

In compliance with FRCP 26, Prof. Sedlik's report included explanatory text, 200 footnotes and 200 pages of exhibits setting forth the "data or information" comprising the basis for the opinions expressed therein. In addition, Exhibit B of the report (JS0012-JS0016) provides an extensive list of "Materials Considered" in forming his opinions.

**GRAYROBINSON**
PROFESSIONAL ASSOCIATION

John Ostrow
September 20, 2010
Page 2

Therefore, your claim that FRCP 26 requires that he should *already* have voluntarily produced copies of such documents prior to receiving the subpoena is unfounded.

In addition, after receiving his estimate of the time and fees reasonably necessary to respond fully to your subpoena, you now claim that he should have independently dedicated time necessary to produce copies of "all correspondence including electronic correspondence" between his office, the defendants and defense counsel, as well as copies of "all notes including electronic notes of conversations" with defense counsel and witnesses, regardless of whether he relied upon such correspondence or notes in forming his opinions.

Under FRCP 26(b)(4)(c): *"...the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)..."* You have now removed item numbers 7, 8 and 9 from the subpoena. He has, therefore, reduced his estimate by one hour, at $650 per hour. See the revised estimate below. Prof. Sedlik is entirely willing to produce whatever properly requested, discoverable items that have been subpoenaed, but you must first approve and agree to promptly pay for the fees associated with the time spent to comply with the subpoena.

The following is the revised estimate: 5-8 hours of Prof. Sedlik's time (up to $5200), and 3-4 hours of staff time (up to $600), for a maximum of $5800 in fees, plus 1000 printed pages at $1 per page (up to $1000). Grand total, fees and expenses, $6800. Your office may take a 5% discount on his hourly fee (but not his staff fees or expenses), if you will be paying the invoice within 10 days of receipt. To avoid any misunderstandings, before commencing work, Prof. Sedlik will require express written confirmation from your office acknowledging and agreeing to pay the above fees and expenses, which are billed at the exact rates specified in his engagement letter. These items will be sent to your office by UPS with a C.O.D bill requiring payment of fees, expenses and shipping to the UPS delivery person, in order to take delivery. His estimate assumes that your office will not require that I produce copies of any document which has already been filed with the court. If his assumption is incorrect, then he will need to revise the above estimate to increase the fees and expenses required. This estimate does not include time spent traveling to be deposed.

Sincerely,

*Ev Appell*

Evan Appell

# 787599 v1

# FAX TRANSMISSION

## GRAY|ROBINSON
ATTORNEYS AT LAW

401 EAST LAS OLAS BLVD. SUITE 1850
FORT LAUDERDALE, FL 33301
PHONE: 954-761-8111
FAX: 954-761-8112

| | | |
|---|---|---|
| **Date:** September 20, 2010 | **Client-Matter Number:** | 825403-2 |
| **To:** John Ostrow John B. Ostrow, P.A. | **Fax No.:** 305-371-7999 | **Phone No.:** 305-358-1496 |
| **From:** Evan Appell/Silvia Inman | **Phone:** | 954-761-8111 |
| **Subject:** Lorentz vs. Sunshine – Case No. 09-61529 | | |

**Number of Pages with Cover Page:** 3

**Message:**

Please see attached. Thank you.

This facsimile message contains legally privileged and confidential information intended only for the individual or entity named above. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please immediately notify us by telephone and return the original message to us at the address above via the U.S. Postal service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL AS SOON AS POSSIBLE.**
# 577370 V1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-CIV-61529-MORENO/TORRES

CATHRIN LORENTZ,

    Plaintiff,

vs.

SUNSHINE HEALTH PRODUCTS, INC., a Florida
corporation, and CATHIE RHAMES,

    Defendants.
_____/

### SUBPOENA DUCES TECUM WITHOUT DEPOSITION
### (RECORDS MAY BE MAILED IN LIEU OF APPEARANCE)

THE STATE OF FLORIDA

TO:   Jeff Sedlik
      c/o Kevin P. Crosby, Esq.
      **GRAY ROBINSON PA**
      401 East Las Olas Boulevard
      Suite 1850
      Fort Lauderdale, Florida 33301

    **YOU ARE COMMANDED** to appear before a person authorized by law to take depositions at **Courthouse Tower, 44 West Flagler Street, Suite 1250, Miami, Florida 33130**, on **Monday, September 27, 2010 at 10:00 AM** for the taking of your deposition in the above-styled matter and to have with you at said time and place the following documents:

    1.   Copy of all correspondence including electronic correspondence between you and the defendants.

    2.   Copy of all correspondence between you and the defense counsel.

    3.   All versions of report prior to the version produced to plaintiff.

    4.   Copy of all notes including electronic notes of conversations with all witnesses including defendants.

    5.   Copy of all notes including electronic notes of all conversations with defense counsel.

6.  All billing and time records for the within matter.

7.  All reports written in the past five (5) years.

8.  List of all cases participated in within the past ten (10) years as a witness and as a party.

9.  Names and addresses of all lawyers for whom you consulted in the past five (5) years.

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this Subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this Subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of reasonable costs of preparation. **You may mail or deliver the copies to the attorney whose name appears on this Subpoena and thereby eliminate your appearance at the time and place specified above.** You have the right to object to the production pursuant to this Subpoena at any time before production by giving written notice to the attorney whose name appears on this Subpoena.

If you fail to appear, or furnish the records requested, or object formally, you may be in contempt of Court.

Pursuant to HIPAA Privacy Rule, 45 C.F.R. §164.512(e), the undersigned provided the person whose medical records are hereby being subpoenaed with a timely and proper notice and an opportunity to object as dictated by the Florida Rules of Civil Procedure, and no such objection was filed with the Court, copies of which Notice and Certificate of Non-Objection are attached hereto for your record.

You are subpoenaed to appear by the attorneys listed below, and unless excused from this Subpoena by the attorneys or this Court, you shall respond to this Subpoena as directed.

**DATED** on August 26, 2010.

JOHN B. OSTROW, P.A.

By: _____
JOHN B. OSTROW
Florida Bar Number: 124324
STEPHEN A. OSTROW
Florida Bar Number: 182338
MORGAN P. OSTROW
Florida Bar Number: 70188

Counsel for Plaintiffs
Courthouse Tower, Suite 1250
44 West Flagler Street
Miami, Florida 33130
Telephone: (305) 358-1496
Facsimile: (305) 371-7999