UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-61529-CIV-MORENO

CATHRIN LORENTZ,

    Plaintiff,

vs.

SUNSHINE HEALTH PRODUCTS, INC., a Florida corporation, and CATHIE RHAMES,

    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND DENYING IN PART CROSS-MOTIONS FOR SUMMARY JUDGMENT AND DENYING MOTION TO STRIKE

THE MATTER was referred to the Honorable Edwin G. Torres, United States Magistrate Judge for a Report and Recommendation on Defendants' Motion for Summary Judgment (**D.E. No. 33**), filed on **January 8, 2010**, Plaintiff's Motion for Summary Judgment for Copyright Infringement (**D.E. No. 69**) filed on **March 19, 2010**, and the Plaintiff's Motion to Strike Ralph Morton and Cathie Rhames's Declarations Submitted as Exhibits to Defendants' Motion for Partial Summary Judgment and to Show Cause as to why Ralph Morton and Cathie Rhames should not be held in contempt (**D.E. No. 143**) filed on **July 7, 2010**. The Magistrate Judge filed a Report and Recommendation (**D.E. No. 194**) on **August 27, 2010**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

    **ADJUDGED** that United States Magistrate Judge Edwin G. Torres's Report and

Recommendation **(D.E. No. 194)** on <u>August 27, 2010</u> is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that:

(1)  Defendants' motion for summary judgment is DENIED. The Court agrees with Magistrate Judge Torres that issues of fact as to when the statute of limitations was triggered preclude the Court from granting summary judgment on the copyright infringement claims. At the core, the parties contest whether Plaintiff provided consent to allow Defendants to use her photograph to promote their product. They also contest when she knew or should have known her photographs were in use by the Defendants to promote their product.

Defendants filed an objection to Magistrate Judge Torres's recommendation claiming that the Defendants' expert report controverts Plaintiff's testimony, concretely establishing that Plaintiff, herself, posted her photo endorsement of Defendants' product online. According to Defendants' expert, Plaintiff had to have known earlier than she is claiming of the alleged infringement, which triggered the statute of limitations earlier and requires summary judgment.

The expert's report, however, was not filed until almost two weeks after Judge Torres's Report and Recommendation as a sealed filing. It was not part of discovery. Plaintiff has not had an opportunity to controvert it on the record. The Eleventh Circuit has stated that district courts have discretion not to consider arguments that were not presented to the Magistrate Judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Accordingly, the Court exercises its discretion not to consider the expert report. Even if the Court were to consider it, in the Court's view the report further confirms there are issues of fact. The Court leaves the issue of when Plaintiff discovered or should have discovered the infringement for the trier-of-fact, and adopts Magistrate Judge Torres's

-2-

Report and Recommendation to deny the Defendants' motion for summary judgment on the copyright infringement claims.

(2) Defendants' motion for summary judgment is DENIED as to the Florida state law claim under Florida Statute § 540.08 of unauthorized publication of likeness as there is a factual issue as to when the last re-publication of Plaintiff's photographs occurred. Plaintiff has supplied a document showing a re-publication on August 8, 2006 on the sunshinesmiles.com website, a date that is within four years of Plaintiff filing this suit.

Defendants object to the Report and Recommendation arguing that the August 8, 2006 re-publication is not credible. Defendants also rely on the single publication rule adopted in other jurisdictions to argue that re-publication of pictures on a website as done by Defendants in this case has been found to be a single publication.

While Defendants may be correct that the August 8, 2006 re-publication was not generated by them, it makes sense to deny summary judgment and leave the credibility issue before the trier-of-fact, where it properly belongs. The trier-of-fact can decide when there was a re-publication in violation of the statute. As to the single publication rule, Florida courts have not embraced it in connection with this statutory provision. Rather, under Florida law, the statute of limitations begins to run anew with each re-publication or dissemination of a photograph. *Baucom v. Haverty*, 805 So. 2d 959, 960 (Fla. 2d DCA 2001). Accordingly, the Court adopts Magistrate Judge Torres's recommendation and denies the Defendants' motion for summary judgment on the Florida statutory claim.

(3) The Court grants the Defendants' motion for summary judgment on the Plaintiff's claim for injunctive relief. Plaintiff did not object to Magistrate Judge Torres's recommendation that the

Court grant summary judgment. Accordingly, the Court finds this claim for injunctive relief is not, by itself, a cognizable cause of action. If Plaintiff were to prevail on her copyright claims, she would get injunctive relief. Accordingly, the Court grants Defendants' motion for summary judgment as to the claim for injunctive relief.

(4)  The Court denies the Plaintiff's cross-motion for summary judgment on the copyright infringement claims. As stated earlier, there is an issue of fact as to whether Plaintiff consented to the use of her photographs. There is also an issue of fact as to when exactly Plaintiff obtained possession of the right to sue for past copyright infringement. The photographer Peter Hall did not transfer the copyright to her in writing until shortly before this suit was filed. Plaintiff did not object to Magistrate Judge Torres's recommendation on this issue and the Court agrees denial is appropriate.

(5)  The Court denies the Plaintiff's motion to strike the declarations of Cathie Rhames and Ralph Morton in accordance with Magistrate Judge Torres's recommendation. The parties did not object to this recommendation and the Court agrees with its sound reasoning.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of September, 2010.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

United States Magistrate Judge Edwin G. Torres

Counsel of Record